**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SHARYL ATTKISSON,<br>22697 Hillside Circle<br>Leesburg, VA 20175,<br><br>and<br><br>JUDICIAL WATCH, INC.,<br>425 Third Street, S.W., Suite 800<br>Washington, DC 20024,<br><br>        Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC   20530,<br><br>        Defendant. | Civil Action No. |

**COMPLAINT**

Plaintiffs Sharyl Attkisson and Judicial Watch, Inc. bring this action against the U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") and the Privacy Act, 5 U.S.C. § 552a ("Privacy Act").  As grounds therefor, Plaintiffs allege as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Sharyl Attkisson is a private citizen residing in Leesburg, Virginia. She is an Emmy award winning investigative journalist and author.

4. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, D.C. 20024. Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

5. Defendant U.S. Department of Justice is an agency of the United States government and is headquartered at 950 Pennsylvania Avenue, N.W., Washington, DC 20530. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

6. On September 4, 2014, Plaintiffs jointly submitted a request to the Federal Bureau of Investigation ("FBI"), a component of Defendant. Plaintiff Judicial Watch submitted the request under FOIA, and Plaintiff Attkisson submitted the request under both FOIA and the Privacy Act.

7. Plaintiffs' request sought access to:

    A. Any and all records concerning, regarding, or relating to Sharyl Attkisson. Such records include, but are not limited to, records of background checks of Sharyl Attkisson, records of communications, contacts, or correspondence between Sharyl Attkisson and employees, officials, or agents of the Federal Bureau of Investigation, and records of investigations concerning or regarding Sharyl Attkisson as a victim;

      B.      Any and all records of Case Number 288-HQ-C2570709; and

      C.      Any and all records of Case Number 80-HQ-A1199962.

8.      By letter dated September 18, 2014, the FBI acknowledged receipt of Plaintiffs' request and assigned it FOIAPA Request Number 1297576-000.  The FBI also informed Plaintiffs that it needed an authorization and consent form from Plaintiff Attkisson before it processed Plaintiffs' request.

9.      On September 22, 2014, Plaintiffs' submitted a signed, fully executed Certification of Identity form from Plaintiff Attkisson.

10.      By letter dated October 6, 2014, the FBI acknowledged receipt of the authorization and consent form from Plaintiff Attkisson.

11.      The FBI was required to determine whether to comply with Plaintiffs' request within 20 days of receipt of the authorization and consent form from Plaintiff Attkisson, excepting Saturdays, Sundays, and legal public holidays, pursuant to 5 U.S.C. § 552(a)(6)(A).  Pursuant to this same provision, the FBI also was required to notify Plaintiffs immediately of the determinations, the reasons therefor, and the right to appeal any adverse determinations to the head of the agency.  Excluding weekends and the intervening Columbus Day holiday, the FBI was required to make its determinations and provide Plaintiffs with the requisite notifications by November 5, 2014.

12.      As of the date of this Complaint, the FBI has failed to make any determination about whether it will comply with Plaintiffs' request, notify Plaintiffs of any determinations, or notify Plaintiffs of their right to appeal any adverse determinations to the head of the agency.  Nor has the FBI produced any records responsive to their requests, indicated when any responsive

records will be produced, or demonstrated that responsive records are exempt from production.

13. Because the FBI has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiffs are deemed to have exhausted any and all administrative remedies with respect to their FOIA request.

14. Defendant also has refused to comply with Plaintiff Attkisson's request under the Privacy Act.

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

15. Plaintiffs reallege paragraphs 1 through 14 as if fully stated herein.

16. Defendant is unlawfully withholding records requested by Plaintiffs pursuant to FOIA.

17. Plaintiffs are being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## COUNT 2
### (Violation of Privacy Act, 5 U.S.C. § 552a)

18. Plaintiff Attkisson paragraphs 1 through 14 as if fully stated herein.

19. Defendant is unreasonably refusing to comply with Plaintiff Attkisson's request under the Privacy Act.

20. Plaintiff Attkisson is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff Attkisson will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiffs respectfully request that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiffs' request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiffs' request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiffs' request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiffs' request; (4) grant Plaintiffs an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E) and 5 U.S.C. § 552a(g)(3)(B); and (5) grant Plaintiffs such other relief as the Court deems just and proper.

Dated:   November 19, 2014	Respectfully submitted,

/s/ Michael Bekesha
Michael Bekesha
D.C. Bar No. 995749
JUDICIAL WATCH, INC.
425 Third Street S.W., Suite 800
Washington, DC 20024
(202) 646-5172

*Counsel for Plaintiffs*