## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| SHARYL ATTKISSON | ) |
| | ) |
| And | ) |
| | ) |
| JUDICIAL WATCH, INC. | ) |
| | ) |
|     Plaintiffs, | )     Civil Action No.: 14-cv-01944-APM |
| | ) |
| **v.** | ) |
| | ) |
| DEPARTMENT OF JUSTICE, | ) |
| | ) |
|     Defendants. | ) |

_____)

## **PROPOSED ORDER**

Upon consideration of Defendant's Motion for Summary Judgment ("Motion"), the grounds stated therein, any opposition thereto, and reply in support thereof, and the entire record therein, it is on this _____ day of _____, 2015, hereby ORDERED that the Motion is GRANTED; and it is further ORDERED that Plaintiff's civil action is DISMISSED.

    SO ORDERED.

Date:


_____
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| SHARYL ATTKISSON | ) | |
| | ) | |
| And | ) | |
| | ) | |
| JUDICIAL WATCH, INC. | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No.: 14-cv-01944-APM |
| | ) | |
| **v.** | ) | |
| | ) | |
| DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendants. | ) | |

_____)

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, the Federal Bureau of Investigation ("Defendant" or "FBI"), by and through the undersigned counsel, respectfully moves for summary judgment because there are no genuine issues of material fact that Defendant has satisfied all of its obligations under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, regarding the instant action arising from a FOIA request filed by Sharon Attkisson and Judicial Watch ("Plaintiffs"). Therefore, Defendant is entitled to judgment as a matter of law.

As demonstrated by the attached Statement of Material Facts not in Genuine Dispute and the following Memorandum of Points and Authorities, Defendant is entitled to judgment as a matter of law because Defendant conducted a reasonable search, produced all documents responsive to Plaintiff's request and properly withheld information pursuant to FOIA's statutory exemptions.

Respectfully Submitted,

VINCENT H. COHEN, JR.,
DC BAR #471489
Acting United States Attorney
for the District of Columbia


DANIEL F. VAN HORN
D.C. BAR #924092
Civil Chief

By: /s/ *Alexander D. Shoaibi*
ALEXANDER D. SHOAIBI
D.C. BAR #423587
Assistant U.S. Attorney
555 Fourth St., N.W.
Room E4218
Washington, D.C. 20530
(202) 252-2511
Alexander.d.shoaibi@usdoj.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| SHARYL ATTKISSON ) | |
| ) | |
| And ) | |
| ) | |
| JUDICIAL WATCH, INC. ) | |
| ) | |
| Plaintiffs, ) | Civil Action No.: 14-cv-01944-APM |
| ) | |
| **v.** ) | |
| ) | |
| DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendants. ) | |

_____)

## DEFENDANT'S STATEMENT OF MATERIAL FACTS
## AS TO WHICH THERE IS NO GENUINE DISPUTE

Pursuant to Local Rule 7(h), Defendant hereby submits the following statement of

material facts as to which there is no genuine dispute, in support of its Motion for Summary

Judgment.

## INTRODUCTION

Plaintiffs, Sharyl Attkisson and Judicial Watch, Inc., brought this action against the

Defendant, Federal Bureau of Investigations ("FBI or "Agency"), under the Freedom of

Information Act ("FOIA"), 5 U.S.C. § 552 and the Privacy Act ("Privacy Act"), 5 U.S.C. §

552(a).  At its core, Plaintiffs challenge the FBI's response to FOIA requests submitted on

September 4, 2014.

The FBI has satisfied its obligations with respect to Plaintiff's FOIA requests.

Specifically, the FBI conducted a search adequately designed to uncover records responsive to

Plaintiff's FOIA request and located 7 pages of records, of which 1 page was fully released and 6 pages were partially released and withheld based on Privacy Act, Exemption (j)(2) and FOIA exemptions (b)(6), (b)(7)(C), (b)(7)(D) and (b)(7)(E).  As there are no material facts in dispute, the FBI is entitled to summary judgment with respect to all claims that have been asserted in this action.

By facsimile and letter dated September 4, 2014, plaintiff Judicial Watch, Inc. submitted a FOIPA  request in its behalf and on behalf of plaintiff Sharyl Attkisson seeking:

A.  "Any and all records concerning, regarding, or relating to Sharyl Attkisson.  Such records include, but are not limited to, records of background checks of Sharyl Attkisson, records of communications, contacts, or correspondence between Sharyl Attkisson and employees, officials, or agents of the Federal Bureau of Investigation, and records of investigations concerning or regarding Sharyl Attkisson as a victim;

B.  Any and all records of Case Number 288-HQ-C2570709; and

C.  Any and all records of Case Number 80-HQ-Al 199962.

Plaintiff's Complaint ("Compl.") ¶ 7.

Initially, Plaintiffs requested a waiver of both search and duplication fees; however, plaintiffs agreed to pay up to $350.00 in search and/or duplication fees in the event the FBI denied their fee waiver request. Hardy Declaration ("Hardy Decl."), ¶ 5 & Exhibit ("Exh.") A.

By letter dated September 18, 2014, the FBI acknowledged receipt of plaintiffs' request and assigned it FOIPA Request Number 1297576. The FBI advised that because the FOIA request involved a third party, i.e., Sharyl Attkisson and due to privacy concerns, Judicial Watch must provide the FBI with an authorization and consent from the third party before the FBI will confirm or deny the existence of responsive records pertaining to the FOIA request.  Hardy Decl. ¶ 6 & Exh. B.

By facsimile and letter dated September 22, 2014, plaintiff Judicial Watch submitted the authorization and consent form signed by plaintiff Sharyl Attkisson.  By letter dated October 6,

2

2014, the FBI acknowledged receipt of plaintiffs' request, advised that it was searching the indices to the Central Records System for information responsive to the request, and advised that plaintiffs' request for fee waiver was being considered and a decision would be made at a later date.  Hardy Decl. ¶ 7-8 & Exh. C & D.

On November 19, 2014 plaintiffs filed the complaint in the instant action.  Hardy Decl. ¶ 9 & ECF # 1.  However, by letter dated December 16, 2014, the FBI released the records pursuant to the FOIA request to the plaintiffs. The FBI advised that 6 pages of records previously processed under the provisions of the FOIA were being provided to the plaintiffs at no charge. The FBI advised plaintiffs they could appeal the FBI's determination by filing an administrative appeal with the Department of Justice ("DOJ"), Office of Information Policy ("OIP") within sixty days.  The 6 pages provided to the plaintiffs were the identical pages provided to plaintiff Sharyl Attkisson on December 31, 2013 in response to her prior FOIPA Request number 1222598 on the same subject.  Hardy Decl. ¶ 10 & Exh. E.

In a Joint Status Report filed on April 23, 2015, plaintiffs narrowed the scope of their request with respect to the two requested file numbers.  Hardy Decl. ¶ 11.  Plaintiffs narrowed their request to include only records of Case Number 288-HQ-2570709 that concern the compromise of Sharyl Attkisson's computer.  Plaintiffs also narrowed their request to include only records of Case Number 80-HQ-Al 199962 that concern or relate to Sharyl Attkisson.

By letter dated May 14, 2015, the FBI made an additional release of records to plaintiffs. The FBI advised that 1 page was reviewed under the provisions of the FOIA and was being released in its entirety with no excisions and at no charge.  Hardy Decl. ¶ 12.  The FBI again advised plaintiffs they could appeal the FBI's determination by filing an administrative appeal with the DOJ, OIP office within sixty days.  Id.; See also Exh. F & ECF # 21.

Dated: August 20, 2015                    Respectfully Submitted,

                                          VINCENT H. COHEN, JR.,
                                          DC BAR #471489
                                          Acting United States Attorney
                                          for the District of Columbia

                                          DANIEL F. VAN HORN
                                          D.C. BAR #924092
                                          Civil Chief

                                          By: /s/ Alexander D. Shoaibi
                                          ALEXANDER D. SHOAIBI
                                          D.C. BAR #423587
                                          Assistant U.S. Attorney
                                          555 Fourth St., N.W.
                                          Room E4218
                                          Washington, D.C. 20530
                                          (202) 252-2511
                                          Alexander.d.shoaibi@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                       )

| | | |
|---|---|---|
| SHARYL ATTKISSON | ) | |
| | ) | |
| And | ) | |
| | ) | |
| JUDICIAL WATCH, INC. | ) | |
| | ) | |
|         Plaintiff, | ) | Civil Action No.: 14-cv-01944-APM |
| | ) | |
| **v.** | ) | |
| | ) | |
| DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
|         Defendants. | ) | |

_____)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
**OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendant, the Federal Bureau of Investigation, ("FBI"/ "Defendant"), through undersigned counsel, moves for summary judgment pursuant to Federal Rule of Civil Procedure 56.  As no genuine issue of material fact exists, Defendant is entitled to judgment as a matter of law.  In support hereof, Defendant respectfully refers the Court to the attached proposed order, statement of material facts not in genuine dispute, exhibits and the declaration of David of Hardy ("Hardy Decl."), FBI Section Chief of the Record/Information Dissemination Section, Records Management Division ("RIDS") in Winchester, Virginia.

**<u>ARGUMENT</u>**

## I.  STANDARD OF REVIEW

"Summary judgment is appropriate when the pleadings and the evidence demonstrate that 'there is no genuine issue as to any material fact and that the moving party is entitled to judgment

as a matter of law.'" Kilby-Robb v. Spellings, 522 F. Supp. 2d 148, 154 (D.D.C. 2007) (Bates, J.) (quoting Fed. R. Civ. P. 56(c)). The party moving for summary judgment bears the initial responsibility of showing an absence of a genuine issue of material facts. Id. In deciding whether a genuine issue of material fact exists, the court must "accept all evidence and make all inferences in the non-movant's favor." Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). "A non-moving party, however, must establish more than the mere existence of a scintilla of evidence in support of its position." Id. (citations and internal quotation marks omitted). That is, "'[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.'" Id. (quoting Anderson, 477 U.S. at 249-50).

With regard to FOIA claims in particular, "[t]he Court reviews an agency's refusal to disclose requested documents de novo." Accuracy in Media, Inc. v. Nat'l Transp. Safety Bd., Civ. A. No. 03-0024 (CKK), 2006 WL 826070, *4 (D.D.C. Mar. 29, 2006) (granting agency summary judgment in a FOIA case) (citing 5 U.S.C. § 552(a)(4)(B)). "Generally, when summary judgment is requested in a FOIA matter, the agency bears the burden of showing that a FOIA exemption applies." Id. Agencies typically provide the information supporting a FOIA summary judgment motion in affidavits, which must be reasonably detailed and are accorded a "presumption of good faith." See Ground Saucer Watch, Inc. v. CIA, 692 F2d 770, 771 (D.C. Cir. 1981).

## II.  THE FBI CONDUCTED A REASONABLE AND ADEQUATE SEARCH

Under FOIA, an agency must undertake a search "reasonably calculated to uncover all relevant documents." Weisberg v. Dep't of Justice, 705 F.2d 1344, 1351 (D.C. Cir. 1983). "[T]he agency must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested."

Oglesby v. Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990).   "[T]he adequacy of an agency's search is measured by a standard of reasonableness, and is dependent upon the circumstances of the case." Davis v. Dep't of Justice, 460 F.3d 92, 103 (D.C. Cir. 2006)(internal quotations marks and citation omitted).

An agency can establish an adequate search through affidavits or declarations which "enjoy a presumption of good faith that withstands purely speculative claims about the existence and discoverability of other documents." Chamberlain v. Dep't of Justice, 957 F. Supp. 292, 294 (D.D.C. 1997) (quoting Albuquerque Pub'g. Co. v. Dep't of Justice, 726 F. Supp. 851, 860 (D.D.C. 1989).   "Once the agency has shown there was a reasonable search, the burden shifts to [plaintiff] to rebut [defendant's] evidence by showing the search was not conducted in good faith." Moore v. Aspin, 916 F. Supp. 32, 35 (D.D.C. 1996).

The FBI Headquarters ("FBIHQ") method of searching for materials responsive to a FOIA request involves the use of its Central Records System (CRS) which consists of administrative, applicant, criminal, personnel, and other files compiled for law enforcement purposes. Hardy Decl. ¶ 13.   The CRS system consists of a numerical sequence of files broken down according to subject matter. Hardy Decl. ¶ 14. The subject matter of a file may relate to an individual, organization, company, publication, activity, or intelligence matter. Id. Certain records in this system are maintained at FBIHQ. Id.   Records which are pertinent to specific field offices are maintained in those field offices. Id.   In response to plaintiffs request, RIDS conducted a CRS index search for responsive records. After the result of these search efforts RIDS located three responsive cross-references. Hardy Decl. ¶ 22.

In addition, RIDS conducted the search though the CRS database as information about individuals, organizations, events and other subjects of investigative interest are stored within the

CRS for future retrieval.  Hardy Decl. ¶ 23.  As Plaintiff's FOIA request pertained to information about her and the compromise of her computer, the FBI determined that such information would be within the CRS and accordingly performed a reasonable and adequate search to locate responsive documents.

### III. NONDISCLOSURE WAS JUSTIFIED UNDER THE PRIVACY ACT

When an individual request records about himself/herself from the FBI, the well settled RIDS process is to first consider the request under the Privacy Act, which generally provides individuals a right of access to records about them maintained in government files, unless the records exempted from individual access.  <u>See</u> 5 U.S.C. § 552(a)(d). Exemption (j)(2) exempts from mandatory disclosure systems of records "maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including police efforts to prevent, control, or reduce crime or to apprehend criminals"…5 U.S.C. § 552(a)(j)(2).[1] Under the Privacy Act, agencies may promulgate rules to exempt systems of records from various provisions of the Act, to include individual requests for access or amendment.  <u>See</u> 5 U.S.C. § 552(a)(d), (j) and (k).

Under the Privacy Act, agencies may promulgate rules to exempt systems of records from various provisions of the Act, to include individual requests for access or amendment.  <u>See</u> 5 U.S.C. § 552(a)(d), (j) and (k).  Accordingly, the DOJ promulgated exempting certain systems of records from individual access under the Privacy Act, 5 U.S.C. §552(a)(d).  Furthermore, the DOJ has exempted FBI law enforcement investigative records maintained in the CRS5 from the Privacy Act's access provisions pursuant to (j)(2).  <u>See</u> 28 C.F.R. § 16.96(a)(l).

---

[1] The FBI acknowledges that it failed to note a Privacy Act exemption in its December 16, 2013 or May 14, 2014 release letter to Plaintiffs.  However, the FBI denied access to those withheld records pursuant to Privacy Act Exemption (j)(2), though the FBI processed the records under the disclosure provisions of the FOIA for maximum disclosure.  See Hardy Decl. footnote 4.

The FBI located responsive records relating to investigative matters that were compiled per the FBI's primary law enforcement mission to investigate violations of federal law.  Hardy Decl. ¶ 26.  The law enforcement records at issue were retrieved by RIDS through a search of the CRS, a system of records specifically exempt from the access provisions of the Privacy Act as noted above per 5 U.S.C. § 552(a)(j)(2) as implemented by 28 C.F.R. § 16.96(a)(l).  Id. Furthermore, records responsive to plaintiff's request are law enforcement records as they were specifically compiled to document matters of criminal investigative interest, including cybercrime, and to document potential interactions with the news media regarding high-profile criminal investigations.  Id.  Consequently, because the records were generated in furtherance of an FBI's law enforcement mission and are maintained in the CRS, an FBI system of records exempted from individual access under the Privacy Act, the FBI processed the records under the FOIA to achieve maximum disclosure.  Id.  As a result, the records identified as exempt under Privacy Act Exemption (j)(2) were processed and released to plaintiffs subject only to the FOIA exemptions noted.

## IV. FOIA EXEMPTIONS JUSTIFIED NONDISCLOSURE

### A.  *Exemption (b)(7) Threshold*

The FOIA protects from mandatory disclosure records or information compiled for law enforcement purposes, but only to the extent that production could reasonably be expected to cause one of the harms enumeration in Exemption (b)(7), it must first demonstrate the records or information were compiled for law enforcement purposes.  Law enforcement agencies such as the Criminal Division must demonstrate that the records at issue are related to the enforcement of federal laws and that the enforcement activity is within the law enforcement duty of that agency. Blackwell v. FBI, 646 F.3d 37, 40 (D.C. Cir. 2011).

Here, the Hardy Declaration shows that Plaintiff's responsive records were compiled to document matters of investigative interest or for law enforcement.  Id. at 32.  Specifically, the records were compiled due to reports of cyber intrusion into Plaintiff Attkisson's computer, to document information provided by an FBI confidential source.  Id.  The record was also to document potential interactions with the news media regarding high profile criminal investigations.  Id.  Consequently, these records were compiled for law enforcement purposes to enable the FBI further its law enforcement duties.  Therefore, the information withheld meets the threshold requirement of Exemption (b)(7).

   B.   *Exemptions (b)6 and (b)(7)(C) – Invasion of Personal Privacy*

The FOIA exempts from disclosure records related to third parties if release of the information could be expected to constitute an unwarranted invasion of personal privacy. Specifically, 5 U.S.C. § 552(b)(6) exempts from disclosure "personnel and medical files and similar files when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy."  And 5 U.S.C. § 552(b)(7)(C) exempts from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information...could reasonably be expected to constitute an unwarranted invasion of personal privacy."

Exemption 7 applies to "records or information compiled for law enforcement purposes" if disclosure of such records would lead to one of various enumerated harms.  5 U.S.C. § 552(b)(7). Exemption 7(C), in particular, protects information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." ` 5 U.S.C. § 552(b)(7)(C). Thus, in determining the applicability of Exemption 7(C), the Court must balance the interests advanced by FOIA's disclosure requirements against the privacy interests of the individuals

mentioned in the records.  Beck v. Dep't of Justice, 997 F.2d 1489, 1491 (D.C. Cir. 1993).

"Because the FOIA is concerned with the right of the general public to know what their

government is up to, the identity and interest of the party requesting the document are irrelevant

to this balancing." Mays v. Drug Enforcement Agency, 234 F.3d, 1324, 1327 (D.C. Cir. 2000).

 "As a general rule, third-party identifying information contained in [law enforcement]

records is 'categorically exempt' from disclosure." Lazaridis v. Dep't of State, 934 F.Supp.2d

21, 38 (D.D.C. 2013) (quoting Nation Magazine v. Customs Serv., 71 F.3d 885, 896

(D.C.Cir.1995)); see Blackwell, 646 F.3d at 41 ("As a result of Exemption 7(C), FOIA ordinarily

does not require disclosure of law enforcement documents (or portions thereof) that contain

private information."). "FOIA Exemption 7(C) takes particular note of the strong interest of

individuals, whether they are suspects, witnesses, or investigators, in not being associated

unwarrantedly with alleged criminal activity."  Dunkelberger v. Dep't of Justice, 906 F.2d 779,

781 (D.C. Cir. 1990) (internal quotation marks and citation omitted); see also Fitzgibbon v.

Central Intelligence Agency, 911 F.2d 755, 768 (D.C. Cir. 1990) ("It is surely beyond dispute

that the mention of an individual's name in a law enforcement file will engender comment and

speculation and carries a stigmatizing connotation." (internal quotation marks and citation

omitted)).

 Exemption 6 protects information about individuals in "personnel and medical files and

similar files the disclosure of which would constitute a clearly unwarranted invasion of personal

privacy." 5 U.S.C. § 552(b)(6).  Exemptions 6 and 7(C) require the court to balance the privacy

interests of the individual whose records are sought with the public's interests in their disclosure.

Beck v. Dep't of Justice, 997 F.2d at 1491.  The Supreme Court has broadly interpreted the

personal privacy interests protected by Exemption 7(C).  Id.; see Dep't of Justice v. Reporters

Comm. for Freedom of the Press, 489 U.S. 749, 765–66 (1989) (recognizing a strong privacy interest in individualized information collected by law enforcement agencies). It has long been recognized that disclosing information about an individual's involvement in law enforcement proceedings may constitute an unwarranted invasion of personal privacy for purposes of Exemption 7(C). See Schrecker v. Dep't of Justice, 349 F.3d 657, 661 (D.C. Cir. 2003) ("On the privacy side of the ledger, our decisions have consistently supported nondisclosure of names or other information identifying individuals appearing in law enforcement records, including investigators, suspects, witnesses, and informants.")

In SafeCard Services, Inc. v. SEC, 926 F.2d 1197 (D.C. Cir. 1991), the D.C. Circuit explained that the personal information of individuals contained in law enforcement records are presumptively exempt under Exemption 7(C) because, "unless there is compelling evidence that the agency denying the FOIA request is engaged in illegal activity, and access to the names of private individuals appearing in the agency's law enforcement files is necessary in order to confirm or refute that evidence, there is no reason to believe that the incremental public interest in such information would ever be significant." Id. at 1205–06; see Nation Magazine v. U.S. Customs Serv., 71 F.3d 885, 896 (D.C. Cir. 1995) ("As a general rule, SafeCard directs an agency to redact names, addresses, or other identifiers of individuals mentioned in investigatory files in order to protect the privacy of those persons.").

When invoked in relation to information in law enforcement records, Exemption 6 covers essentially the same information as Exemption 7(C); however, as the privacy language of Exemption 7(C) is broader than the comparable language in Exemption 6, "the standard for evaluating a threatened invasion of privacy interests resulting from the disclosure of records compiled for law enforcement purposes is somewhat broader than the standard applicable to

personnel, medical, and similar files." <u>Dep't of Justice v. Reporters Committee for Freedom of</u> <u>the Press</u>, 489 U.S. 749, 756 (1989); <u>see</u> <u>Judicial Watch, Inc. v. Dep't of Homeland Sec.</u>, 736 F. Supp. 2d 202, 210 (D.D.C. 2010).  When withholding information pursuant to these two exemptions, the FBI is required to balance the privacy interests of the individuals mentioned in these records against any public interest in disclosure.

Here, a public interest exists only when information about an individual would shed light on the FBI's performance of its mission to protect and defend the United States against terrorist and foreign intelligence threats, to uphold and enforce the criminal laws of the United States, and to provide leadership and criminal justice services to federal, state, municipal, and international agencies and partners. In each instance where information was withheld pursuant to Exemptions 6 and 7(C), the FBI determined that the individuals' privacy interests outweighed any public interest in disclosure.

    i.    *<u>(b)(6)-1 and (b)(7)(C)-1: Names and/or Identifying Information of FBI Special Agents and Support Personnel</u>*

Here, the FBI withheld the names and any identifying information of the FBI Special Agents and support personnel who helped to conduct, supervise and/or maintain investigative functions reflected in the documents produced pursuant to Plaintiff's FOIA request.  Hardy Decl. ¶ 36.  The personnel responsibilities involved conducting interviews, compiling information from those interviews and other sources and providing status reports on the investigation.  <u>Id.</u> Thus, any subsequent publicity, be it adverse or otherwise, in regards to any investigation undertaken may prejudice the personnel's or agents effectiveness in conducting other investigations.  <u>Id.</u>  Special Agents also conduct investigations into various criminal and national security violations and come into contact with people from all walks of life.  Thus, a special agent may be a target for certain individuals if the identity is publicly disclosed as such agents

may suffer revenge attacks from such criminals or their associates.  Any publicity from the release of agents' identities in regards to an investigation will trigger some hostility towards those agents.  Id.  Assuming arguendo that special agents may not have a claim to privacy due to their official status, the Court in this circuit has made it clear that special agents do not "by virtue of [their] official status…forgo altogether any privacy claim in matters related to official business.  See Lesar v. Dep't of Justice, 636 F.2d 472, 487 (D.C. Cir. 1980).  Therefore, special agents maintain a privacy interest in criminal investigative files, and there is no public interest that is served by releasing identifying information because the release will not increase the public's understanding of FBI operations.  Id.

With regards to support personnel, the Hardy Declaration also makes it clear why their identifying information needs protection.  Support personnel handle tasks related to the official investigations reflected in the official documents responsive to the FOIA request.  Hardy Decl. ¶ 37.  Support personnel are in a position to access information regarding law enforcement investigations and consequently could become a target of harassment, harm or exposure to unwarranted publicity for unauthorized access to investigative files if their identities are revealed.  Id.  As such, support personnel have a privacy interest in not disclosing their identities to the general public.  In addition, there is no public interest that will be served by releasing the names of support employees to the general public as the release will not enhance the public's understanding of the FBI operations and activities.  Id.  Therefore, after balancing the substantial privacy interests with the non-existent public interest, the FBI properly withheld the names and identifying information of the Special Agents and support personnel pursuant to Exemptions 6 and 7(C).

C. *Exemption (b)(7)(D)*

Exemption 7(D) authorizes the withholding of "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... could reasonably be expected to disclose the identity of a confidential source ... and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation ... information furnished by a confidential source." 5 U.S.C. § 552(b)(7)(D). "[A] source is confidential within the meaning of Exemption 7(D) if the source provided information under an express assurance of confidentiality or in circumstances from which such an assurance could be reasonably inferred." Dep't of Justice v. Landano, 508 U.S. 165, 172 (1993) (internal quotation marks omitted).

To withhold information under Exemption 7(D) by express assurances of confidentiality, the FBI must present "probative evidence that the source did in fact receive an express grant of confidentiality." Davin, 60 F.3d at 1061. Such evidence can take a wide variety of forms, including notations on the face of a withheld document, the personal knowledge of an official familiar with the source, a statement by the source, or contemporaneous documents discussing practices or policies for dealing with the source or similarly situated sources. See, e.g., id.; Computer Prof'ls, 72 F.3d at 906. No matter which method the agency adopts to meet its burden of proof, its declarations must permit meaningful judicial review by providing a sufficiently detailed explanation of the basis for the agency's conclusion. For, as the Supreme Court has observed in regard to mere assertions that there is a confidential source: "Once the FBI asserts that information was provided by a confidential source ... the requester—who has no knowledge about the particular source or the information being withheld—very rarely will be in a position to

offer persuasive evidence that the source in fact had no interest in confidentiality."  Landano, 508 U.S. at 177.

Here, because the FBI specializes in law enforcement, numerous confidential sources provide information on a regular basis and are "informants" within the plain meaning of the term.  Hardy Decl. ¶ 39.  Understandably, some of these sources provide information under an assurance of confidentiality whilst others are interviewed under circumstances from which confidentiality assurances can be implied.  Id.  Thus, because information was furnished based on either an express or implied confidentiality understanding, the release of such information would reveal the informants identities and thus the information is withheld pursuant to Exemption 7(D).

First, to the extent that the FBI, a law enforcement agency, needs to protect its confidential sources, Exemption (b)(7)(1) has been asserted to protect the informant file number of an FBI confidential source and is unique to that informant.  Hardy Decl. ¶ 40.  Assigned in sequential numbers to FBI informants, the release of such files, along with the confidential information provided, could be used to unravel the connection between a confidential informant and the information provided to the FBI.  Id.  Pursuant to the FOIA request, the release of such confidential sources would have a chilling effect on the cooperation of current and especially future informants who may become targets due to the release of such information.  Id.  To counter this chilling effect, informants need to understand that information provided will be treated with the highest level of confidentiality and integrity to continue providing information to the FBI.   Therefore, the information is being withheld pursuant to Exemption (b)(7)(D).

12

### D.  Exemption (b)(7)(E)

Exemption (b)(7)(E) is being invoked to withhold information that deals with Investigative

Techniques and procedures.  FOIA Exemption 7(E) protects from disclosure law enforcement

records "to the extent that the production of such ... information ... would disclose techniques and

procedures for law enforcement investigations or prosecutions, or would disclose guidelines for

law enforcement investigations or prosecutions ... if such disclosure could reasonably be

expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). Under FOIA Exemption

7(E), the FBI "protects procedures and techniques used by FBI agents to conduct criminal

investigations."  Exemption 7(E) thus generally protects those law-enforcement techniques and

procedures that are "not well-known to the public."  <u>Judicial Watch, Inc. v. Dep't of Commerce</u>,

337 F.Supp.2d 146, 181 (D.D.C. 2004).  This exemption leads to a categorical protection of

techniques and procedures used in law enforcement investigations and afford protection to lesser

known investigative techniques used by the FBI to carry out its law enforcement duties.  Hardy

Decl. ¶ 44.  Consequently, the FBI asserted Exemption 7(E) to protect sensitive FBI file numbers

and FBI internal web addresses.

### i.      Protection of Sensitive FBI File Numbers

The FBI has withheld information pursuant to the FOIA request under Exemption (b)(7)(E)-1

to protect sensitive FBI numbers which contain a three digit file declassification number.  <u>Id.</u> at

46.  The digit file classification number provides information about the type of

investigative/intelligence gathering program to which these files pertain.  These files area not

known to the general public and the release of such information will show the size and scope of

the files and the programs to which the files relate.  <u>Id.</u>  Consequently, the release of file numbers

pursuant to the FOIA request will allow criminals to understand the level of focus the FBI

13

applies to criminal activities and accordingly adjust their criminal behavior.  Id.  Furthermore,

the release of the file numbers will show how the FBI allocates scarce resources to law

enforcement and reveal the *specific* types of investigations and intelligence gathering tactics of

the FBI to criminals.  Id.  The effects of the release are that criminals will be better able to adopt

tactics to avoid detection and capture.  Id.  Therefore, the release of the file numbers will

drastically affect the FBI's ability to conduct law enforcement operations to prevent and

investigate crimes or attacks targeting the United States.  Id.  Therefore, the file information is

withheld pursuant to FOIA Exemption (b)(7)(E).

    *ii.*       *FBI Internal Web Addresses*

Pursuant to Plaintiff's FOIA request, the FBI also withheld information pertaining to its

internal web addresses under Exemption 7(E).  The Internal web addresses are withheld because

a public release would provide criminals with potential targets for cyber-attacks against the

United States by hacking into the FBI's computer system to disrupt or undermine counter-

terrorism activities.  Hardy Decl. ¶ 47.  Such disruptions by criminals could be achieved by

deleting, changing, and/or corrupting the data incorporated into the web addresses and using that

information for criminal activities.  Id.  Such a disruption could also lead to an increase in

criminal activities against the United States by terrorists and jeopardize the FBI's law

enforcement mission.  Therefore, the FBI withheld the information on internal web addresses

pursuant to Exemption 7(E).

## V.  SEGREGABILITY

FOIA requires that the agency provide the requestor all information that is not exempt

from disclosure and is "reasonably segregable." 5 U.S.C. § 552(b) (2000).  Importantly, "[t]he

focus of FOIA is information, not documents, and an agency cannot justify withholding an entire

document simply by showing that it contains some exempt material." <u>Mead Data Cent., Inc.,</u> 566

F.2d at 260; <u>see also</u> <u>Krikorian v. Dep't of State</u>, 984 F.2d 461, 466 (D.C. Cir. 1993). Therefore,

any non-exempt portions must be disclosed unless they are "intrinsically intertwined with

exempt portions." <u>Id.</u> "The 'segregability' requirement applies to all documents and all

exemptions in the FOIA." <u>Ctr. for Auto Safety v. Envtl. Prot. Agency</u>, 731 F.2d 16, 21 (D.C. Cir.

1984). The agency bears the burden of demonstrating that withheld documents contain no

reasonably segregable factual information. <u>See id.</u>; <u>see also</u> <u>Army Times Pub. Co. v. Dep't of Air

Force,</u> 998 F.2d 1067, 1068 (D.C. Cir. 1993).

Pursuant to Plaintiff's FOIA request, Defendant FBI identified 7 responsive pages of

which 1 page was released in full with no redactions and 6 pages were released in part. Hardy

Decl. ¶ 48. After conducting a segregability review, the FBI determined there was no

foreseeable harm in releasing the 1 page in full and thus was not subject to any exemptions. <u>Id.</u>

For the remaining 6 pages that was released in part, the FBI segregability review showed that the

6 pages could be partially released with the rest of the information withheld under the

exemptions discussed above. <u>Id.</u> Thus, the FBI disclosed all the non-exempt portions of the 6

pages and withheld some information due to the likely harm to interests listed under the various

exemptions. <u>Id.</u> Therefore, the FBI has demonstrated that based on its segregability review, the

withheld documents contain no reasonably segregable information that must be released pursuant

to Plaintiff's FOIA request.

**CONCLUSION**

Defendant FBI conducted an adequate and reasonable search and has released all reasonably segregable information pursuant to Plaintiff's FOIA/PA request.  Therefore, for the foregoing reasons, the United States respectfully requests that the Court grant defendant's Motion for Summary Judgment.

Dated: August 20, 2015                                                Respectfully Submitted,

                                                                      VINCENT H. COHEN, JR.,
                                                                      DC BAR #471489
                                                                      Acting United States Attorney
                                                                      for the District of Columbia

                                                                      DANIEL F. VAN HORN
                                                                      D.C. BAR #924092
                                                                      Civil Chief

                                                                      By: /s/ Alexander D. Shoaibi
                                                                      ALEXANDER D. SHOAIBI
                                                                      D.C. BAR #423587
                                                                      Assistant U.S. Attorney
                                                                      555 Fourth St., N.W.
                                                                      Room E4218
                                                                      Washington, D.C. 20530
                                                                      (202) 252-2511
                                                                      Alexander.d.shoaibi@usdoj.gov