**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SHARYL ATTKISSON, *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 14-cv-01944 (APM) |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFFS' MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT AND IN SUPPORT OF
PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Sharyl Attkisson and Judicial Watch, Inc. (collectively "Plaintiffs"), by counsel and pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, respectfully submit this memorandum of law in opposition to the motion for summary judgment of Defendant U.S. Department of Justice ("Defendant") and in support of their Cross-Motion for Summary Judgment.   As grounds thereof, Plaintiffs state as follows:

**I.     Introduction.**

The Federal Bureau of Investigation ("FBI"), a component of Defendant, failed to conduct a search reasonably calculated to uncover all records responsive to Plaintiffs' request.   Based on dozens of cases in district courts around the country, including the U.S. District Court for the District of Columbia, the FBI routinely undertakes a comprehensive search of its records by conducting automated searches that use variations of a phonetic breakdown of an individual's name as well as the date of birth and social security number of the individual.   In this case, the FBI did not conduct a search that used variations of a phonetic breakdown of Plaintiff Attkisson's name.   Nor did it conduct a search that used Plaintiff Attkisson's date of birth or her social

security number.   The FBI merely searched its records for "Sharyl Attkisson."   As a result, the

FBI failed to uncover records that most likely exist and would obviously be responsive to

Plaintiffs' request, such as records related to an FBI background check of Plaintiff Attkisson in

order for her to be issued a White House "hard pass" as a member of the press in 1995, (2) records

related to requests for interviews and other media inquiries of the FBI by Plaintiff Attkisson; and

(3) records about the compromise of Plaintiff Attkisson's computer.   Because the FBI provides no

evidence whatsoever that such a narrow request was necessary or proper in this case, Defendant's

Motion for Summary Judgment should be denied, Plaintiffs' Cross-Motion for Summary

Judgment should be granted, and the FBI should be ordered to conduct a search that is reasonably

calculated to uncover all records responsive to Plaintiffs' request.

## II.    Factual Background.

On September 4, Plaintiffs jointly submitted a request to the FBI.   Plaintiff Judicial Watch

submitted the request under the Freedom of Information Act ("FOIA"), and Plaintiff Attkisson

submitted the request under both FOIA and the Privacy Act.   The request, which was

subsequently narrowed, now seeks:

1. Any and all records concerning, regarding, or relating to Sharyl Attkisson.
   Such records include, but are not limited to, records of background checks of
   Sharyl Attkisson, records of communications, contacts, or correspondence
   between Sharyl Attkisson and employees, officials, or agents of the Federal
   Bureau of Investigation, and records of investigations concerning or regarding
   Sharyl Attkisson as a victim;

2. Any and all records of Case Number 288-HQ-C2570709 that concern, regard,
   or relate to the compromise of Ms. Attkisson's computer; and

3. Any and all records of Case Number 80-HQ-A1199962 that concern, regard, or
   relate to Ms. Attkisson.

By letters dated December 16, 2014 and May 15, 2015, the FBI provided Plaintiffs with final

determinations, which included the productions of a total of 7 pages of responsive records.

## III.   Summary Judgment Standard.

In FOIA litigation, as in all litigation, summary judgment is appropriate only when the pleadings and declarations demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); Fed. R. Civ. P. 56(c).   In reviewing a motion for summary judgment under FOIA, the court must view the facts in the light most favorable to the plaintiff.   *Weisberg v. U.S. Department of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984).

## IV.   Defendant Has Not Conducted an Adequate Search.

For a government agency to obtain summary judgment on the adequacy of the search, "the agency must demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'"   *Nation Magazine v. U.S. Customs Service*, 71 F.3d 885, 890 (D.C. Cir. 1995) (*quoting Truitt v. U.S. Department of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)). Specifically, an agency "must make a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Nation Magazine*, 71 F.3d at 890 (internal citations omitted) (emphasis added).   To satisfy its burden, the agency may submit a "reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched."   *Oglesby v. U.S. Department of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

In making a determination of whether an agency performed an adequate search, courts generally evaluate "whether the government's search for responsive documents was adequate." *Weisberg v. U.S. Department of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983).   "'The adequacy

of an agency's search is measured by a standard of reasonableness' and is 'dependent upon the circumstances of the case.'"   *Id.* (*quoting McGehee v. CIA*, 697 F.2d 1095, 1100-01 (D.C. Cir. 1983) and *Founding Church of Scientology v. National Security Agency*, 610 F.2d 824, 834 (D.C. Cir. 1979)).   Based on the declaration submitted by Defendant, it is evident that the FBI's search was inadequate.

The FBI routinely undertakes a comprehensive search of its records by conducting automated searches that use variations of a phonetic breakdown of an individual's name as well as the date of birth and social security number of the individual.   For example, in *Ryan v. Federal Bureau of Investigation*, 2015 U.S. Dist. LEXIS 89682 (D.D.C. July 10, 2015), the plaintiff, Cina A. Ryan, sent a FOIA request to the FBI seeking his "complete FBI file."   2015 U.S. Dist. LEXIS at *1.   In response to the FOIA request, the FBI

> conducted a phonetic search of its automated indices to the CRS using plaintiff's first name, middle initial and last name, "Cina A. Ryan," and his alias "Alireza Shishechi."   A phonetic search "breaks names down" based on their phonetic characteristics, such that any alternative spellings with an 80% phonetic match to the search used; for instance documents containing the name "Sina Ryan" would also have been returned.   The search is also run so that records containing any matching name will be located even if the name is arranged in one of several permutations, e.g. First Name, Last Name; Last Name, First Name; Last Name, First Name, Middle Initial; etc.   The FBI used Plaintiff's date of birth "to facilitate the identification of potentially responsive files."

*Id*. at *7 (internal citations omitted).   Similarly, in *Abdeljabbar v. Bureau of Alcohol, Tobacco and Firearms*, 74 F. Supp. 3d 158 (D.D.C. 2014), the plaintiff sought from the FBI all records related to the criminal case *U.S. v. Abdeljabbar.*   74 F. Supp. 3d at 166.   In response, the FBI "searched for the records utilizing a six and three-way phonetic breakdown of his name, including any variations of his first or last name that sound similar or are similar but spelled differently, also

using the plaintiff's date of birth and social security number to facilitate the identification of

responsive records." *Id*. at 170 (internal citations omitted).   In addition, in *Paxson v. U.S.*

*Department of Justice*, 41 F. Supp. 3d 55 (D.D.C. 2014), the plaintiff sought from the FBI a copy

of a search warrant executed at his residence.   41 F. Supp. 3d at 56.   In response, the FBI

conducted an automated search using "variations of a phonetic breakdown of the plaintiff's first,

middle, and last name, as well as the plaintiff's date of birth and social security number."   *Id*. at 57

(internal citations omitted).

These three cases are not the exception.   They are the norm.   *See Henry v. U.S.*

*Department of Justice*, 2015 Dist. LEXIS 117311, *3-4 (N.D. Cal. Sept. 1, 2015) (The FBI

conducted a search using "a three-way phonetic breakdown of [the plaintiff's name."); *Skrzypek v.*

*Federal Bureau of Investigation*, 2015 U.S. Dist. LEXIS 95799, *5 (N.D. Il. July 23, 2015) (The

FBI conducted searches utilizing a three-way phonetic breakdown of an individual's name);

*Qatanani v. U.S. Department of Justice*, 2015 U.S. Dist. LEXIS 42108, *10 (D.N.J. Mar. 31,

2015); *Peeler v. Federal Bureau of Investigation*, 2015 U.S. Dist. LEXIS 11525, *4 (D. Conn. Jan.

30, 2015) (The FBI conducted a search "using [the] plaintiff's first and last names as well as

phonetic sounds and alternate spellings."); *Jeanty v. Federal Bureau of Investigation*, 2014 U.S.

Dist. LEXIS 118277, *10 (S.D. Fla. Aug. 25, 2014); *Shapiro v. U.S. Department of Justice*, 34 F.

Supp. 3d 89, 98 (D.D.C. 2014); *Stephens v. U.S. Department of Justice*, 26 F. Supp. 3d 59, 67

(D.D.C. 2014) (The FBI searched by "utilizing a six-way phonetic breakdown of [plaintiff's]

names and variations thereof."); *Rosenberg v. U.S. Department of Immigration and Customs*

*Enforcement*, 13 F. Supp. 3d 92, 102 (D.D.C. 2014); *Case v. U.S. Department of Justice*, 2013

U.S. Dist. LEXIS 176436, *10 (E.D. Wash. Oct. 7, 2013); *Woods v. U.S. Department of Justice*,

968 F. Supp. 2d 115, 121 (D.D.C. 2013); *Rosenberg v. U.S. Department of Immigration and*

*Customs Enforcement*, 959 F. Supp. 2d 61,71 (D.D.C. 2013); *Walsh v. Federal Bureau of Investigation*, 952 F. Supp. 2d 71, 76 (D.D.C. 2013); *Brown v. U.S. Department of Justice*, 2013 U.S. Dist. LEXIS 82827, \*4 (D. Md. June 12, 2013); *Dent v. Executive Office for United States Attorneys*, 926 F. Supp. 2d 257, 267 (D.D.C. 2013) (The FBI conducted a search "utilizing a four-way phonetic breakdown of the names, including any variations of the first or last name that sound like or are spelled differently than the names."); *Mobley v. Central Intelligence Agency*, 924 F. Supp. 2d 24, 41 (D.D.C. 2013); *Hammouda v. U.S. Department of Justice*, 920 F. Supp. 2d 16, 23 (D.D.C. 2013); *Higgins v. U.S. Department of Jutsice*, 919 F. Supp. 2d 131, 141 (D.D.C. 2013); *Moore v. Federal Bureau of Investigation*, 883 F. Supp. 2d 155, 162 (D.D.C. 2012); *Thompson v. U.S. Department of Justice*, 851 F. Supp. 2d 89, 95 (D.D.C. 2012) (The FBI conducted a search "using a six-way phonetic breakdown" of the plaintiff's name.); *Frankenberry v. Federal Bureau of Investigation*, 2012 U.S. Dist. LEXIS 39027, \*29 (M.D. Pa. Mar. 22, 2012); *Pickens v. U.S. Department of Justice*, 2012 U.S. Dist. LEXIS 30470, \*14 (D.S.C. Feb. 2, 2012); *Driggers v. United States of America*, 2011 U.S. Dist. LEXIS 152931, \*10 (N.D. Tex. Oct. 26, 2011); *Negley v. Federal Bureau of Investigation*, 825 F. Supp. 2d 63, 67 (D.D.C. 2011); *McGehee v. U.S. Department of Justice*, 800 F. Supp. 2d 200, 229 (D.D.C. 2011) ("The FBI used each subject's name and included a six way phonetic breakdown of the subject's first, middle, and last name, in addition to a basic search using the exact spelling of the name provided."); *Davis v. Federal Bureau of Investigation*, 770 F. Supp. 2d 93, 102 (D.D.C. 2011); *Lazaridis v. U.S. Department of Justice*, 766 F. Supp. 2d 134, 146 (D.D.C. 2011); *Hodge v. Federal Bureau of Investigation*, 764 F. Supp. 2d 134, 142 (D.D.C. 2011); *Brown v. U.S. Department of Justice*, 734 F. Supp. 2d 99, 107 (D.D.C. 2010) (The FBI conducted a search using "a phonetic breakdown of [the plaintiff's] name[] and his date of birth."); *Blackwell v. Federal Bureau of Investigation*, 680 F. Supp. 2d 79,

90 (D.D.C. 2010); *Blanck v. Federal Bureau of Investigation*, 2009 U.S. Dist. LEXIS 26125, *10 (E.D. Wis. Mar. 17, 2009) ("The FBI conduct searches that would "locate records using the phonetic sounds of each last and first name to find variations of the name, including the use of a first initial rather than a first name."); *Amuso v. U.S. Department of Justice*, 600 F. Supp. 2d 78, 88 (D.D.C. 2009); *Moore v. Bush*, 601 F. Supp. 2d 6, 10 (D.D.C. 2009); *Kishore v. U.S. Department of Justice*, 575 F. Supp. 2d 243, 254 (D.D.C. 2008); *Singh. v. Federal Bureau of Investigation*, 574 F. Supp. 2d 32, 40 (D.D.C. 2008); *Wiggins v. National Credit Union Administration*, 2007 U.S. Dist. LEXIS 6367, *8 (D.D.C. Jan. 30, 2007); *Hidalgo v. Federal Bureau of Investigation*, 2006 U.S. Dist. LEXIS 68123, *3 (D.D.C. Sept. 22, 2006); *Chavez-Arellano v. U.S. Department of Justice*, 2006 U.S. Dist. LEXIS 56104, * (D.D.C. Aug. 11, 2006) ("The FBI searched using the plaintiff's given name and thirteen phonetic variations.").

Unlike in the above-referenced cases, the FBI did not conduct a comprehensive search for records responsive to Plaintiffs' FOIA request.   In support of its motion, Defendant submitted the Declaration of David M. Hardy ("Hardy Decl.").   Mr. Hardy testifies that, in response to Plaintiffs' request, the FBI conducted an index search of the Central Records System using only the search term "Sharyl Attkisson."   Hardy Decl. at ¶ 22.   That is it.   Defendant did not conduct a search that used variations of Plaintiff Attkisson's name such as "Attkisson, Sharyl."   Nor did it conduct a search that used a phonetic breakdown of Plaintiff Attkisson's name.   Nor did it conduct a search that used Plaintiff Attkisson's date of birth or her social security number.   The FBI merely searched its records for "Sharyl Attkisson."

In addition, Defendant's motion is devoid of any evidence that conducting this narrow search was either necessary or proper.   Defendant also does not demonstrate why the FBI did not conduct a comprehensive search as it routinely does in response to similar requests.   Nor does

- 7 -

Defendant assert that conducting a comprehensive search in this case would be unreasonable. Defendant simply asserts that the FBI's narrow search, a clear deviation from the FBI's standard practices, is reasonable.

Importantly, the Central Records System is indexed by Special Agents.   *See Id.* at ¶ 16 ("FBI Special Agents and/or designated support personnel may index information in the CRS by individual.").   Manual entry lends itself to the possibility for data entry errors.   It is therefore important that the FBI conduct phonetic searches of an individual's name.   This is even more important in circumstances, like here, where there could be numerous ways to spell an individual's name.   In addition to "Sharyl," there are at least three other common variations of Plaintiff Attkisson's first name: Cheryl, Sheryl, Sherrill.   With respect to her last name, one could reasonably spell "Attkisson" with one "t," one "s," or a variation of both.   Conducting a search that used her date of birth, her social security number, or both also would have potentially avoided any complications due to the potential misspelling of Plaintiff Attkisson's name.   In short, a more comprehensive search would have been reasonable under the circumstances.

Because it failed to conduct a comprehensive search, it appears that the FBI has failed to uncover all records responsive to Plaintiffs' request.   Such records would include: (1) records related to an FBI background check of Plaintiff Attkisson in order for her to be issued a White House "hard pass" as a member of the press in 1995, (2) records related to requests for interviews and other media inquiries of the FBI by Plaintiff Attkisson; and (3) records about the compromise of Plaintiff Attkisson's computer.   With respect to the issuing of the hard pass, the National Press Foundation states, "If you are a full-time White House reporter or will spend at least 3 days a week at the White House, you will need a 'HARD PASS.'   This is more difficult to get, as you must undergo an FBI background check."   *See* http://nationalpress.org/programs-and-resources/

agency/the-white-house/.    Plaintiff Attkisson is an Emmy award winning investigative journalist and author.    She is a former national correspondent for CBS.    Therefore, over the years, Plaintiff Attkisson has made numerous inquiries to the FBI for comment.    For example, in 2006, Plaintiff Attkisson reported on the FBI's investigation of a security breach of the Los Alamos National Laboratory.    *See* http://www.cbsnews.com/news/new-details-emerge-in-los-alamos-case/. Therefore, there should be at least one record in the FBI's possession concerning requests for interviews and other media inquiries to the FBI by Plaintiff Attkisson.    In addition, the records produced by the FBI to Plaintiffs indicate that the FBI took additional steps to investigate the compromise of Plaintiff Attkisson's computer.    However, no records beyond those that were created when the investigation was initiated were uncovered.    In short, there is more than mere speculation that additional records responsive to Plaintiffs' request exist.    It appears that the FBI's limited search prevented those records from being uncovered and ultimately produced.

## V.    Conclusion.

For the reasons stated above, Plaintiffs respectfully request that Defendant's Motion for Summary Judgment be denied, that Plaintiffs' Cross-Motion for Summary Judgment be granted, and that the FBI be ordered to conduct a search that is reasonably calculated to uncover all records responsive to Plaintiffs' request.

Dated:   September 21, 2015

Respectfully submitted,

/s/   Michael Bekesha
Michael Bekesha
D.C. Bar No. 995749
JUDICIAL WATCH, INC.
425 Third Street, S.W., Suite 800
Washington, DC   20024
(202) 646-5172

*Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SHARYL ATTKISSON, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 14-cv-01944 (APM) |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S STATEMENT OF**
**MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE DISPUTE**
**AND PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS IN**
**SUPPORT OF PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Plaintiffs Sharyl Attkisson and Judicial Watch, Inc. (collectively "Plaintiffs"), by counsel and pursuant to Local Civil Rule 7.1(h), respectfully submits this response to Statement of Material Facts As To Which There Is No Genuine Dispute by Defendant U.S. Department of Justice and Plaintiffs' Statement of Material Facts in Support of its Cross-Motion for Summary Judgment:

**I.    Plaintiffs' Response to Defendant's Statement of Material Facts**
**As To Which There Is No Genuine Dispute.**

1.    Plaintiffs, Sharyl Attkisson and Judicial Watch, Inc., brought this action against the Defendant, Federal Bureau of Investigations ("FBI or "Agency"), under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and the Privacy Act ("Privacy Act"), 5 U.S.C. § 552(a).

**Plaintiffs' Response: Plaintiffs brought this action against Defendant U.S.**
**Department of Justice under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and**
**the Privacy Act ("Privacy Act"), 5 U.S.C. § 552(a).  The FBI is a component of Defendant.**

2.      At its core, Plaintiffs challenge the FBI's response to FOIA requests submitted on September 4, 2014.

**Plaintiffs' Response: Undisputed.**

3.      The FBI has satisfied its obligations with respect to Plaintiffs' FOIA requests. Specifically, the FBI conducted a search adequately designed to uncover records responsive to Plaintiffs' FOIA request and located 7 pages of records, of which 1 page was fully released and 6 pages were partially released and withheld based on Privacy Act, Exemption (j)(2) and FOIA exemptions (b)(6), (b)(7)(C), (b)(7)(D) and (b)(7)(E).

**Plaintiffs' Response: Plaintiffs dispute that the FBI satisfied its obligations with respect to Plaintiffs' request.  Plaintiffs also dispute that the FBI conducted a search adequately designed to uncover records responsive to Plaintiffs' request.  Plaintiffs do not dispute that the FBI located 7 pages of records, of which 1 page was fully released and 6 pages were partially released and withheld based on Privacy Act, Exemption (j)(2) and FOIA exemptions (b)(6), (b)(7)(C), (b)(7)(D) and (b)(7)(E).**

4.      As there are no material facts in dispute, the FBI is entitled to summary judgment with respect to all claims that have been asserted in this action.

**Plaintiffs' Response: Plaintiffs dispute that the FBI or Defendant is entitled to summary judgment with respect to all claims that have been asserted in this action.**

5.      By facsimile and letter dated September 4, 2014, plaintiff Judicial Watch, Inc. submitted a FOIPA request in its behalf and on behalf of plaintiff Sharyl Attkisson seeking:

> A.      Any and all records concerning, regarding, or relating to Sharyl Attkisson. Such records include, but are not limited to, records of background checks of Sharyl Attkisson, records of communications, contacts, or correspondence between Sharyl Attkisson and employees, officials, or agents of the Federal Bureau of Investigation, and records

of investigations concerning or regarding Sharyl Attkisson as a victim;

B.   Any and all records of Case Number 288-HQ-C2570709; and

C.   Any and all records of Case Number 80-HQ-AI 199962.

**Plaintiffs' Response:  Undisputed.**

6.   Initially, Plaintiffs requested a waiver of both search and duplication fees; however, plaintiffs agreed to pay up to $350.00 in search and/or duplication fees in the event the FBI denied their fee waiver request.

**Plaintiffs' Response:  Undisputed.**

7.   By letter dated September 18, 2014, the FBI acknowledged receipt of plaintiffs' request and assigned it FOIPA Request Number 1297576.  The FBI advised that because the FOIA request involved a third party, i.e., Sharyl Attkisson and due to privacy concerns, Judicial Watch must provide the FBI with an authorization and consent from the third party before the FBI will confirm or deny the existence of responsive records pertaining to the FOIA request.

**Plaintiffs' Response:  Undisputed.**

8.   By facsimile and letter dated September 22, 2014, plaintiff Judicial Watch submitted the authorization and consent form signed by plaintiff Sharyl Attkisson. By letter dated October 6, 2014, the FBI acknowledged receipt of plaintiffs' request, advised that it was searching the indices to the Central Records System for information responsive to the request, and advised that plaintiffs' request for fee waiver was being considered and a decision would be made at a later date.

**Plaintiffs' Response:  Undisputed.**

9.   On November 19, 2014 plaintiffs filed the complaint in the instant action.

**Plaintiffs' Response:  Undisputed.**

10.     However, by letter dated December 16, 2014, the FBI released the records

pursuant to the FOIA request to the plaintiffs.  The FBI advised that 6 pages of records

previously processed under the provisions of the FOIA were being provided to the plaintiffs at

no charge.  The FBI advised plaintiffs they could appeal the FBI's determination by filing an

administrative appeal with the Department of Justice ("DOJ"), Office of Information Policy

("OIP") within sixty days.

**Plaintiffs' Response:  Undisputed.**

11.     The 6 pages provided to the plaintiffs were the identical pages provided to

plaintiff Sharyl Attkisson on December 31, 2013 in response to her prior FOIPA Request number

1222598 on the same subject.

**Plaintiffs' Response:  Undisputed.**

12.     In a Joint Status Report filed on April 23, 2015, plaintiffs narrowed the scope of

their request with respect to the two requested file numbers.  Plaintiffs narrowed their request to

include only records of Case Number 288-HQ-2570709 that concern the compromise of Sharyl

Attkisson's computer. Plaintiffs also narrowed their request to include only records of Case

Number 80-HQ-AI 199962 that concern or relate to Sharyl Attkisson.

**Plaintiffs' Response:  Undisputed.**

13.     By letter dated May 14, 2015, the FBI made an additional release of records to

plaintiffs.  The FBI advised that 1 page was reviewed under the provisions of the FOIA and was

being released in its entirety with no excisions and at no charge. The FBI again advised plaintiffs

they could appeal the FBI's determination by filing an administrative appeal with the DOJ, OIP

office within sixty days.

**Plaintiffs' Response:  Undisputed.**

II. **Plaintiffs' Statement of Undisputed Material Facts in Support of their Cross-Motion for Summary Judgment.**

1. On September 4, 2014, Plaintiffs jointly submitted a request to the Federal Bureau of Investigation ("FBI"), a component of Defendant.  Plaintiff Judicial Watch submitted the request under the Freedom of Information Act ("FOIA"), and Plaintiff Attkisson submitted the request under both FOIA and the Privacy Act.  The request, which was subsequently narrowed, now seeks:

A. Any and all records concerning, regarding, or relating to Sharyl Attkisson. Such records include, but are not limited to, records of background checks of Sharyl Attkisson, records of communications, contacts, or correspondence between Sharyl Attkisson and employees, officials, or agents of the Federal Bureau of Investigation, and records of investigations concerning or regarding Sharyl Attkisson as a victim;

B. Any and all records of Case Number 288-HQ-C2570709 that concern, regard, or relate to the compromise of Ms. Attkisson's computer; and

C. Any and all records of Case Number 80-HQ-A1199962 that concern, regard, or relate to Ms. Attkisson.

2. By letters dated December 16, 2014 and May 15, 2015, the FBI provided Plaintiffs with final determinations, which included the productions of a total of 7 pages of responsive records.

Dated:  September 21, 2015

Respectfully submitted,

/s/  Michael Bekesha
Michael Bekesha
D.C.  Bar No. 995749
JUDICIAL WATCH, INC.
425 Third Street, S.W., Suite 800
Washington, DC  20024
(202) 646-5172

*Counsel for Plaintiffs*