IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARYL ATTKISSON <br><br> And <br><br> JUDICIAL WATCH, INC., <br><br>       Plaintiffs, <br><br> v. <br><br> U. S. DEPARTMENT OF JUSTICE, <br><br>       Defendant. | ) <br> ) <br> ) <br> ) <br> )    Civ. A. No. 1:14-CV-01944-APM <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)    I am the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), in Winchester, Virginia.   I have held this position since August 1, 2002.   Prior to my joining the Federal Bureau of Investigation ("FBI"), from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law.   In that capacity, I had direct oversight of Freedom of Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy.   From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters.   I am also an attorney who has been licensed to practice law in the State of Texas since 1980.

(2)    In my official capacity as Section Chief of RIDS, I supervise approximately 222

1

employees who staff a total of ten (10) Federal Bureau of Investigation Headquarters ("FBIHQ") units and two (2) field operational service center units whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to the FOIA as amended by the OPEN Government Act of 2007 and the OPEN FOIA Act of 2009; the Privacy Act of 1974; Executive Order 13526; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives.   The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)     Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to plaintiffs' request for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552 and the Privacy Act of 1974, 5 U.S.C. § 552a.   Specifically, I am aware of the FBI's handling of plaintiffs' FOIA/ Privacy Act ("FOIPA") request to FBIHQ, seeking records concerning Sharyl Attkisson and Case Numbers 288-HQ-C2470709 and 80-HQ-A1199962.

(4)     In response to plaintiffs' request, the FBI processed a total of 7 pages.   Of these pages, 1 page was released in full and 6 pages released in part.   In accordance with *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), this declaration is being submitted in support of defendant's motion for summary judgment in order to provide the Court and plaintiffs with an explanation of the FBI's recordkeeping system, the procedures used to search for, review, and process the responsive records, and of the FBI's justification for withholding records in part pursuant to

Privacy Act Exemption (j)(2) and FOIA Exemptions b(6), b(7)(C), b(7)(D) and b(7)(E).

## ADMINISTRATIVE HISTORY OF PLAINTIFFS' FOIPA REQUEST

(5)     By facsimile and letter dated September 4, 2014, plaintiff Judicial Watch, Inc.

submitted a FOIPA request in their behalf and on behalf of plaintiff Sharyl Attkisson seeking:

> Any and all records concerning, regarding, or relating to Sharyl Attkisson.  Such records
> include, but are not limited to, records of background checks of Sharyl Attkisson, records of
> communications, contacts, or correspondence between Sharyl Attkisson and employees,
> officials, or agents of the Federal Bureau of Investigation, and records of investigations
> concerning or regarding Sharyl Attkisson as a victim;
>
> Any and all records of Case Number 288-HQ-C2570709; and
>
> Any and all records of Case Number 80-HQ-A1199962.

Plaintiffs requested a waiver of both search and duplication fees; however, plaintiffs agreed

to pay up to $350.00 in search and/or duplication fees in the event the FBI denied their fee

waiver request.   *(See* **Exhibit A)**

(6)     By letter dated September 18, 2015, the FBI acknowledged receipt of plaintiffs'

request and assigned it FOIPA Request Number 1297576.   The FBI advised that because the

plaintiff Judicial Watch requested information concerning a third party, due to privacy concerns, it

must provide the FBI with an authorization and consent from the third party before the FBI will

confirm or deny the existence of responsive records concerning the individual.   *(See* **Exhibit B)**

(7)     By facsimile and letter dated September 22, 2014, plaintiff Judicial Watch submitted

an authorization and consent executed by plaintiff Sharyl Attkisson.   *(See* **Exhibit C)**

(8)     By letter dated October 6, 2014, the FBI acknowledged receipt of plaintiffs' request,

advised that it was searching the indices to the Central Records System for information responsive

to the request, and advised that plaintiffs' request for fee waiver was being considered and a decision would be made at a later date.   *(See* **Exhibit D)**

(9)     On November 19, 2014 plaintiffs filed the complaint in the instant action.   *(See* **Docket Number 1)**

(10)     By letter dated December 16, 2014, the FBI made its release of records to the plaintiffs.   The FBI advised that 6 pages of records previously processed under the provisions of the FOIA were being provided to the plaintiffs at no charge.   The FBI advised plaintiffs they could appeal the FBI's determination by filing an administrative appeal with the Department of Justice ("DOJ"), Office of Information Policy ("OIP") within sixty days.   *(See* **Exhibit E)**   The 6 pages provided to the plaintiff s were the identical pages provided to plaintiff Sharyl Attkisson on December 31, 2013 in response to her prior FOIPA Request number 1222598 on the same subject.

(11)     On April 23, 2015, as documented in the Joint Status Report filed that day, plaintiffs narrowed the scope of their request with respect to the two requested file numbers.   Plaintiffs narrowed their request to include only records of Case Number 288-HQ-2570709 that concern the compromise of Sharyl Attkisson's computer.   Plaintiffs also narrowed their request to include only records of Case Number 80-HQ-A1199962 that concern or relate to Sharyl Attkisson.   *(See* **Docket Number 21)**

(12)     By letter dated May 14, 2015, the FBI made an additional release of records to plaintiffs.   The FBI advised that 1 page was reviewed under the provisions of the FOIA and was being released in its entirety with no excisions and at no charge.   The FBI advised plaintiffs they could appeal the FBI's determination by filing an administrative appeal with the Department of

4

Justice ("DOJ"), Office of Information Policy ("OIP") within sixty days.   (*See* **Exhibit F**)

## THE FBI'S CENTRAL RECORDS SYSTEM

(13)    The Central Records System ("CRS") is an extensive system of records consisting

of applicant, investigative, intelligence, personnel, administrative, and general files compiled and

maintained by the FBI in the course of fulfilling its integrated missions and functions as a law

enforcement, counterterrorism, and intelligence agency to include performance of administrative

and personnel functions.   The CRS spans the entire FBI organization and encompasses the records

of FBI Headquarters ("FBIHQ"), FBI Field Offices, and FBI Legal Attaché Offices ("Legats")

worldwide.

(14)    The CRS consists of a numerical sequence of files, called FBI "classifications,"

which are organized according to designated subject categories.   The broad array of CRS file

classification categories include types of criminal conduct and investigations conducted by the FBI,

as well as categorical subjects pertaining to counterterrorism, intelligence, counterintelligence,

personnel, and administrative matters.   For identification and retrieval purposes across the FBI,

when a case file is opened, it is assigned a Universal Case File Number ("UCFN") consisting of

three sequential components:   (a) the CRS file classification number, (b) the abbreviation of the

FBI Office of Origin ("OO") initiating the file, and (c) the assigned individual case file number for

that particular subject matter.[1]   Within each case file, pertinent documents of interest are

---

[1]    For example, in a fictitious file number of "11Z-HQ-56789;" the "11Z" component indicates the file
classification, "HQ" indicates that FBI Headquarters is the FBI OO of the file, and "56789"is the assigned
case specific file number.

"serialized," or assigned a document number in the order which the document is added to the file, typically in chronological order.

## THE CRS GENERAL INDICES AND INDEXING

(15)     The general indices to the CRS are the index or "key" to locating records within the enormous amount of information contained in the CRS.   The CRS is indexed in a manner which meets the FBI's investigative needs and priorities, and allows FBI personnel to reasonably and adequately locate pertinent files in the performance of their law enforcement duties.   The general indices are arranged in alphabetical order and comprise an index on a variety of subject matters to include individuals, organizations, events, or other subjects of investigative interest that are indexed for future retrieval.   The entries in the general indices fall into two category types:

      a.  <u>Main entry</u>.   This entry pertains to records indexed to the main subject(s) of a file, known as "main file" records.   The "main" entry carries the name of an individual, organization, or other subject matter that is the designated subject of the file.

      b.  <u>Reference entry</u>.   This entry, or a "cross-reference," pertains to records that merely mention or reference an individual, organization, or other subject matter that is contained in a "main" file record about a different subject matter.

(16)     FBI Special Agents ("SA") and/or designated support personnel may index information in the CRS by individual (persons), by organization (organizational entities, places, and things), and by event (*e.g.,* a terrorist attack or bank robbery).   Indexing information in the CRS is based on operational necessity, and the FBI only indexes that information considered relevant and necessary for future retrieval.   Accordingly, the FBI does not index every individual name or other subject matter in the general indices.

## AUTOMATED CASE SUPPORT

(17)     Automated Case Support ("ACS") is an electronic, integrated case management system that became effective for FBIHQ and all FBI Field Offices and Legats on October 1, 1995. As part of the ACS implementation process, over 105 million CRS records were converted from automated systems previously utilized by the FBI into a single, consolidated case management system accessible by all FBI offices.   ACS has an operational purpose and design to enable the FBI to locate, retrieve, and maintain information in its files in the performance of its myriad missions and functions.[2]

(18)     The Universal Index ("UNI") is the automated index of the CRS and provides all offices of the FBI a centralized, electronic means of indexing pertinent investigative information to FBI files for future retrieval via index searching.   Individual names may be recorded with applicable identifying information such as date of birth, race, sex, locality, Social Security Number, address, and/or date of an event.   Moreover, ACS implementation built upon and incorporated prior automated FBI indices; therefore, a search employing the UNI application of ACS encompasses data that was already indexed into the prior automated systems superseded by ACS. As such, a UNI index search in ACS is capable of locating FBI records created before its 1995 FBI-wide implementation to the present day in both paper and electronic format.[3]  Currently, UNI

---

[2] ACS and the next generation Sentinel system are relied upon by the FBI daily to fulfill essential functions such as conducting criminal, counterterrorism, and national security investigations; background investigations; citizenship and employment queries, and security screening, to include Presidential protection.

[3] Older CRS records that were not indexed into UNI as a result of the 1995 ACS consolidation remain searchable by manual review of index cards, known as the "manual indices."   A search of the manual indices is triggered for requests on individuals if the person was born on or before January 1, 1958; and for

consists of approximately 111 million searchable records and is updated daily with newly indexed material.

## ACS and SENTINEL

(19)    Sentinel is the FBI's next generation case management system that became effective FBI-wide on July 1, 2012.   Sentinel provides a web-based interface to FBI users, and it includes the same automated applications that are utilized in ACS.   After July 1, 2012, all FBI generated records are created electronically in case files via Sentinel; however, Sentinel did not replace ACS and its relevance as an important FBI search mechanism.   Just as pertinent information was indexed into UNI for records generated in ACS before July 1, 2012, when a record is generated in Sentinel, information is indexed for future retrieval.   Moreover, there is an index data sharing nexus between the Sentinel and ACS systems whereby components of information indexed into Sentinel are also replicated or "backfilled" into ACS.   In sum, the Sentinel case management system builds on ACS and shares its operational purpose; Sentinel provides another portal to locate information within the vast CRS for FBI records generated on or after July 1, 2012.

## ADEQUACY OF SEARCH

(20)    <u>Main and Cross-Reference Files</u>.   RIDS policy is to search for and identify only "main" files responsive to most FOIPA requests at the administrative stage.   However, in this case, because the requester sought any records within the two administrative files that concerned her or

---

requests seeking information about organizations or events on or before January 1, 1973.   Records created after these dates would be captured through a UNI search.

the compromise of her computer, RIDS conducted a search to identify both "main" files as well as any "cross reference" material responsive to plaintiffs' request.

(21)   Index Searching.   To locate CRS information, RIDS employs an index search methodology.   Index searches of the CRS are reasonably expected to locate responsive material within the vast CRS since the FBI indexes pertinent information into the CRS to facilitate retrieval based on operational necessity.   Given the broad range of indexed material in terms of both time frame and subject matter that it can locate in FBI files, the automated UNI application of ACS is the mechanism RIDS employs to conduct CRS index searches.   If a request seeks records that may have been generated on or after July 1, 2012, an overlapping search of ACS via the UNI application and a Sentinel index search are performed at the litigation stage to ensure adequacy of the CRS index search

(22)   CRS Search and Results.   In response to plaintiff's request, RIDS conducted a CRS index search for responsive records employing the UNI application of ACS and a Sentinel index search using plaintiff's name; "Sharyl Attkisson."   As a result of these search efforts, RIDS located three responsive cross-references.

(23)   Scope of Search.   RIDS conducted a search reasonably calculated to locate records responsive to plaintiff's request.   First, given its comprehensive nature and scope, the CRS is the principal records system searched by RIDS, to locate information responsive to most FOIPA requests, because the CRS is where the FBI indexes information about individuals, organizations, events, and other subjects of investigative interest for future retrieval. *See infra* ¶ 15.   Second, given plaintiff's request seeks information about her, including the compromise of her computer,

such information would reasonably be expected to be located in the CRS via the index search methodology.

## JUSTIFICATION FOR NONDISCLOSURE UNDER THE PRIVACY ACT

(24)     When an individual requests records about himself/herself from the FBI, the well settled RIDS process is to first consider the request under the Privacy Act, which generally provides individuals a right of access to records about them maintained in government files, unless the records are part of a system of records exempted from individual access.  *See* 5 U.S.C. § 552a(d). Exemption (j)(2) exempts from mandatory disclosure systems of records "maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including police efforts to prevent, control, or reduce crime or to apprehend criminals . . . ."   5 U.S.C. § 552a(j)(2).[4]

(25)     Under the Privacy Act, agencies may promulgate rules to exempt systems of records from various provisions of the Act, to include individual requests for access or amendment.  *See* 5 U.S.C. § 552a(d), (j) and (k).   Accordingly, the U.S. Department of Justice ("DOJ") promulgated regulations exempting certain systems of records from individual access, *inter alia*, under the Privacy Act, 5 U.S.C. § 552a(d).   As relevant here, the FBI is a criminal and regulatory enforcement agency within DOJ responsible for enforcing federal laws, and DOJ has exempted FBI

---

[4]Although the FBI inadvertently failed to note a Privacy Act exemption in its release letters dated December 16, 2014 or May 14, 2015, the FBI denied access to these records pursuant to Privacy Act exemption ( j)(2) and processed the records under the access provisions of the FOIA to achieve maximum disclosure.

law enforcement investigative records maintained in the CRS5 from the Privacy Act's access provision pursuant to (j)(2). *See* 28 C.F.R. § 16.96(a)(1).    In other words, the plaintiffs has no individual right of access to investigative records about herself under the Privacy Act; therefore, the request was processed under the provisions of the FOIA.

(26)    In response to plaintiffs' request, the FBI located responsive records relating to investigative matters that were compiled per the FBI's primary law enforcement mission to investigative violations of federal law.   The law enforcement records at issue were retrieved by RIDS through a search of the CRS, a system of records specifically exempt from the access provisions of the Privacy Act as noted above per 5 U.S.C. § 552a(j)(2) as implemented by 28 C.F.R. § 16.96(a)(1).   Furthermore, records responsive to plaintiff's request are law enforcement records as they were specifically compiled to document matters of criminal investigative interest, including cyber crime, and to document potential interactions with the news media regarding high-profile criminal investigations.   Consequently, because the records were generated in furtherance of an FBI's law enforcement mission and are maintained in the CRS, an FBI system of records exempted from individual access under the Privacy Act, the FBI processed the records under the FOIA to achieve maximum disclosure.   As a result, the records identified as exempt under Privacy Act Exemption (j)(2) were processed and released to plaintiffs subject only to the FOIA exemptions noted.   None of the information exempt from disclosure under the Privacy Act has been withheld from plaintiffs unless it was exempt under a FOIA exemption.

---

5 Privacy Act System of Records FBI-002, 63 FR 8671 (1998) (last publication of complete notice).

## JUSTIFICATION FOR NONDISCLOSURE UNDER THE FOIA

### *Explanation of the Coded Format Used to Describe and Justify Withholdings*

(27)     All documents responsive to plaintiffs' request were processed to achieve maximum

disclosure consistent with the access provisions of the FOIA.   Every effort was made to provide

plaintiffs with all material in the public domain and with all reasonably segregable, non-exempt

information in the responsive records.   No reasonably segregable, nonexempt portions have been

withheld from plaintiffs.   Further description of the information withheld, beyond what is provided

in this declaration, could identify the actual exempt information that the FBI has protected.   Copies

of the pages released in part and in full have been consecutively numbered "Attkisson-1 through

Attkisson-7" at the bottom of each page.   The Bates-numbered pages that were withheld in part

were provided to plaintiffs as part of the FBI's release.   The exemptions asserted by the FBI as

grounds for non-disclosure of portions of documents are FOIA Exemptions b(6), b(7)(C), b(7)(D)

and b(7)(E).

(28)     The Bates-numbered documents contain, on their faces, coded categories of

exemptions that detail the nature of the information withheld pursuant to the provisions of the

FOIA.   The coded categories are provided to aid the Court's and plaintiffs' review of the FBI's

explanations of the FOIA exemptions it has asserted to withhold the material.   The coded,

Bates-numbered pages together with this declaration demonstrate that all material withheld by the

FBI is exempt from disclosure pursuant to the cited FOIA exemptions, or is so intertwined with

protected material that segregation is not possible without revealing the underlying protected

material.

12

(29)    Each instance of information withheld on the Bates-numbered documents is

accompanied by a coded designation that corresponds to the categories listed below.   For example,

if "(b)(7)(C)-1" appears on a document, the "(b)(7)(C)" designation refers to FOIA Exemption 7(C)

protecting against unwarranted invasions of personal privacy.   The numerical designation of "1"

following the "(b)(7)(C)" narrows the main category into a more specific subcategory, such as

"Names and/or Identifying Information Pertaining to FBI Special Agents and/or Support

Personnel."

(30)    Listed below are the categories used to explain the FOIA exemptions asserted to

withhold the protected material:

| SUMMARY OF JUSTIFICATION CATEGORIES | |
|---|---|
| **Category (b)(6) and (b)(7)(C)** | **CLEARLY UNWARRANTED INVASION OF PRIVACY AND UNWARRANTED INVASION OF PERSONAL PRIVACY** |
| (b)(6)-1 and (b)(7)(C)-1 | Names and/or Identifying Information of FBI Special Agents and Support Personnel |
| **Category (b)(7)(D)** | **CONFIDENTIAL SOURCE INFORMATION** |
| (b)(7)(d)-1 | Confidential Source File Numbers |
| **Category (b)(7)(E)** | **LAW ENFORCEMENT INVESTIGATIVE TECHNIQUES AND PROCEDURES** |
| (b)(7)(E)-1 | Sensitive FBI File Numbers |
| (b)(7)(E)-2 | FBI Internal Web Addresses |

## EXEMPTION 7 THRESHOLD

(31)    Before an agency can invoke any of the harms enumerated in Exemption (b)(7), it

must first demonstrate that the records or information at issue were compiled for law enforcement

purposes.   Pursuant to 28 USC §§ 533, 534, and Executive Order 12333 as implemented by the

Attorney General's Guidelines for Domestic FBI Operations ("AGG-DOM") and 28 CFR § 0.85,

the FBI is the primary investigative agency of the federal government with authority and

responsibility to investigate all violations of federal law not exclusively assigned to another agency,

to conduct investigations and activities to protect the United States and its people from terrorism

and threats to national security, and further the foreign intelligence objectives of the United States.

Under this investigative authority, the responsive records herein were compiled for the following

specific law enforcement purpose(s).

(32)   The plaintiffs' responsive records were compiled to document matters of criminal

investigative interest, including reports of cyber-intrusion of plaintiff Attkisson's computer, to

document information provided by an FBI confidential source, and to document potential

interactions with the news media regarding high-profile criminal investigations.   Thus, these

records were compiled for a law enforcement purpose; they squarely fall within the law

enforcement duties of the FBI; therefore, the information readily meets the threshold requirement

of Exemption (b)(7).

## EXEMPTIONS (b)6 AND (b)(7)(C) – INVASIONS OF PERSONAL PRIVACY

(33)   5 U.S.C. § 552 (b)(6) exempts from disclosure:

> personnel and medical files and similar files the disclosure of which
> would constitute a clearly unwarranted invasion of personal privacy.

(34)   5 U.S.C. § 552 (b)(7)(C) exempts from disclosure:

> records or information compiled for law enforcement purposes, but
> only to the extent that the production of such law enforcement

14

records or information . . . could reasonably be expected to constitute
an unwarranted invasion of personal privacy.[6]

(35)     When withholding information pursuant to these two exemptions, the FBI is

required to balance the privacy interests of the individuals mentioned in these records against any

public interest in disclosure.   In asserting these exemptions, each piece of information was

scrutinized to determine the nature and strength of the privacy interest of every individual whose

name and/or identifying information appears in the documents at issue.   When withholding the

information, the individual's privacy interest was balanced against the public's interest in

disclosure.   For purposes of these exemptions, a public interest exists only when information about

an individual would shed light on the FBI's performance of its mission to protect and defend the

United States against terrorist and foreign intelligence threats, to uphold and enforce the criminal

laws of the United States, and to provide leadership and criminal justice services to federal, state,

municipal, and international agencies and partners.   In each instance where information was

withheld pursuant to Exemptions 6 and 7(C), the FBI determined that the individuals' privacy

interests outweighed any public interest in disclosure.

### (b)(6)-1 and (b)(7)(C)-1: Names and/or Identifying Information of FBI Special Agents and Support Personnel

(36)     In Category (b)(6)-1 and (b)(7)(C)-1, the FBI protected the names and identifying

information of FBI Special Agents ("SAs") and support personnel who were responsible for

---

[6] The practice of the FBI is to assert Exemption (b)(6) in conjunction with (b)(7)(C).   Although the
balancing test for (b)(6) uses a "would constitute a clearly unwarranted invasion of personal privacy" and the
test for (b)(7)(C) uses the lower standard of "could reasonably be expected to constitute an unwarranted
invasion of personal privacy," the analysis and balancing required by both exemptions is sufficiently similar
to warrant a consolidated discussion.   The privacy interests are balanced against the public's interest in
disclosure under the analysis of both exemptions.

conducting, supervising, and/or maintaining the investigative activities reflected in the documents responsive to plaintiffs' FOIPA request. These responsibilities included conducting interviews and compiling information, as well as reporting on the status of the investigation. Assignments of SAs to any particular investigation are not by choice. Publicity (adverse or otherwise) regarding any particular investigation to which they have been assigned may seriously prejudice their effectiveness in conducting other investigations. The privacy consideration is also to protect FBI SAs, as individuals, from unnecessary, unofficial questioning as to the conduct of this or other investigations, whether or not they are currently employed by the FBI. FBI SAs conduct official inquiries into various criminal and national security violation cases. They come into contact with all strata of society, conducting searches and making arrests, both of which result in reasonable but nonetheless serious disturbances to people and their lives. It is possible for an individual targeted by such law enforcement actions to carry a grudge which may last for years. These individuals may seek revenge on the agents and other federal employees involved in a particular investigation. The publicity associated with the release of an agent's identity in connection with a particular investigation could trigger hostility toward a particular agent. Thus, SAs maintain substantial privacy interests in information about them in criminal investigative files. In contrast, there is no public interest to be served by disclosing the identities of the SAs to the public because their identities would not, themselves, significantly increase the public's understanding of the FBI's operations and activities.

(37) The names of FBI support employees were also protected. Support personnel are assigned to handle tasks related to the official investigations reflected in the documents responsive

16

to plaintiffs' FOIPA request.   They were, and possibly are, in positions of access to information

regarding official law enforcement investigations, and therefore could become targets of harassing

inquiries for unauthorized access to investigations if their identities were released.   Thus, these

individuals maintain substantial privacy interests in not having their identities disclosed.   In

contrast, the FBI concluded that no public interest would be served by disclosing the identities of

these FBI support employees to the general public because their identities would not, themselves,

significantly increase the public's understanding of the FBI's operations and activities.

Accordingly, after balancing these employees' substantial privacy interests against the non-existent

public interest, the FBI properly protected the names and identifying information of SAs and

support personnel pursuant to Exemptions 6 and 7(C).[7]

## EXEMPTION (b)(7)(D)
## INFORMATION FROM CONFIDENTIAL SOURCES

(38)   5 U.S.C. § 552 (b)(7)(D) provides protection for:

> records or information compiled for law enforcement purposes [which] could
> reasonably be expected to disclose the identity of a confidential source, including a
> state, local or foreign agency or authority or any private institution which furnished
> information on a confidential basis, and, in the case of a record or information
> compiled by a criminal law enforcement authority in the course of a criminal
> investigation or by an agency conducting a lawful national security intelligence
> investigation, information furnished by a confidential source.

(39)   Numerous confidential sources report to the FBI on a regular basis and are

"informants" within the common meaning of the term.   Some of these sources provide information

under an express assurance of confidentiality.   Other individuals are interviewed under

circumstances from which assurances of confidentiality can reasonably be implied or inferred.

---

[7]   The FBI cited Category (b)(6)-1 and (b)(7)(C)-1 on the following Bates pages: 1, 2, 3, 4, 5, and 7.

17

These individuals are considered to be confidential sources since they furnished information only

with the understanding that their identities and the information provided will not be released outside

the FBI.   Information provided by these individuals is singular in nature, and if released, could

reveal their identities.

### (b)(7)(D)-1: Confidential Source File Number

(40)     Exemption (b)(7)(D)-1 has been asserted, to protect the informant file number of a

permanent confidential source of the FBI.   Similar in usage to the confidential source symbol

number, these confidential source file numbers are also assigned in sequential order to confidential

informants who report information to the FBI on a regular basis pursuant to an express assurance of

confidentiality.   The confidential source file is unique to the particular confidential informant and

is used only in documentation relating to that particular informant.

(41)     Disclosure of confidential source file numbers at various times and in various

documents could ultimately identify these sources since it would reveal the connections of

confidential informants to the information provided by them.   Repeated release of confidential

source file numbers along with the information provided by these confidential informants would

narrow the possibilities of their true identities.   This is especially true since each confidential

source file number is assigned to only one confidential informant.

(42)     The disclosure of the identity of these confidential sources would have a chilling

effect on the activities and cooperation of both current and future FBI confidential informants.   It is

only with the understanding of complete confidentiality that the aid of such informants can be

enlisted, and only through this assurance of confidentiality that these informants can be persuaded

18

to continue their assistance in providing information to the FBI in the future.   The disclosure of this confidential source file number could reasonably be expected to identify a permanent confidential source of the FBI.   Therefore, this information has been appropriately protected from disclosure pursuant to Exemption (b)(7)(D).[8]

**EXEMPTION (b)(7)(E)**
**INVESTIGATIVE TECHNIQUES AND PROCEDURES**

(43)     5 U.S.C. § 552 (b)(7)(E) provides for the withholding of:

> law enforcement records which would disclose techniques and
> procedures for law enforcement investigations or prosecutions, or
> would disclose guidelines for law enforcement investigations or
> prosecutions if such disclosure could reasonably be expected to
> risk circumvention of the law.

(44)     This exemption affords categorical protection to techniques and procedures used in law enforcement investigations; it protects techniques and procedures that are not well-known to the public as well as non-public details about the use of well-known techniques and procedures.

(45)     Within the responsive documents, Exemption (b)(7)(E) may have been applied to non-public investigative techniques and procedures utilized by the FBI to pursue its law enforcement and intelligence gathering missions, and also to non-public details about techniques and procedures that are otherwise known to the public.   Specifically, the FBI asserted Exemption (b)(7)(E) to protect sensitive FBI file numbers and FBI internal web addresses.

**Exemption (b)(7)(E)-1: Sensitive FBI File Numbers**

(46)     Exemption (b)(7)(E)-1 has been asserted to protect sensitive FBI file numbers. These file numbers often contain a three-digit FBI file classification number which indicates the

---

[8] The FBI cited Category (b)(7)(D)-1 on the following Bates page: 7.

type of investigative/intelligence gathering programs to which these files pertain.   These sensitive

file numbers are not known to the general public.   Additionally, the nature of the file numbers

often reveals the size and scope of the files, thus revealing the scope and size of the programs to

which these files relate.   Releasing sensitive file numbers within the context of this investigative

file would reveal the type of investigation and allow criminals to understand the level of focus the

FBI is applying to certain types of criminal activity, how the FBI is allocating its limited resources,

and would reveal the specific types of investigations and intelligence gathering efforts in which the

FBI utilizes certain investigative techniques.   This would allow criminals to structure their

activities in a manner which avoids the FBI's strengths and exploits its weakness.   Additionally,

releasing this information would forewarn criminals as to how the FBI will attempt to detect and/or

disrupt their criminal activities through the use of particular investigative techniques.   Armed with

this information, criminals could structure their activities in a manner which eludes the

investigative techniques most likely to be used by the FBI in specific situations.   In summation,

releasing sensitive FBI file numbers could potentially reduce the FBI's effectiveness in preventing

and investigating crimes/attacks targeting the United States, and enable criminals to circumvent the

law.   Accordingly, the FBI withheld these sensitive file numbers pursuant to FOIA Exemption

(b)(7)(E)-1.[9]

### Exemption 7(E)-2: FBI Internal Web Addresses

(47)   Exemption 7(E)-2 has been asserted to protect internal FBI web addresses.

Releasing these internal web addresses would provide criminals with potential targets for cyber

---

[9] Exemption (b)(7)(E)-1 has been cited on the following Bates page: 7.

attack.   Armed with these web addresses, criminals capable of cyber attacks would know where to go in the FBI's computer system to disrupt or undermine FBI counter-terrorism initiatives. Disruption could be achieved by deleting, changing, and/or corrupting the data housed at the web addresses and/or utilizing the information found there for nefarious purposes.   Disruption of the FBI's systems could result in an increase in violence, crime, or the destruction of property by terrorists.   In this manner, release of this information would jeopardize the FBI's mission and enable criminals to circumvent the law.   Therefore, the FBI protected this information pursuant to Exemption 7(E). [10]

## SEGREGABILITY

(48)     As discussed in ¶s 10 and 12 *supra*, there were 7 responsive pages identified:   1 Released in Full ("RIF") and 6 Released in Part ("RIP").   Each of these categories is discussed below to further address segregability.

      A.  Pages RIF.   Following the segregability review, RIDS determined that 1 page could be released in full without redaction as there was no foreseeable harm to an interest protected by a FOIA exemption.

      B.  Pages RIP.   Following the segregability review, RIDS determined that 6 pages could be released in part with redactions per the identified FOIA exemptions herein. These pages comprise a mixture of material that could be segregated for release and material that was withheld as release would trigger foreseeable harm to one or more interests protected by the cited FOIA exemptions on these pages.

---

[10] Exemption (b)(7)(E)-2 has been cited on the following Bates pages: 1, 2, 4, 5, and 7.

## CONCLUSION

(49)    The FBI has performed adequate and reasonable searches for responsive records;

has processed all such records and released all reasonably segregable non-exempt information from

documents responsive to plaintiffs' FOIPA requests that are subject to FOIA. As discussed in

paragraphs 24-26 *supra*, the records responsive to plaintiffs' request are exempt from disclosure

pursuant to Privacy Act exemption (j)(2).   However, the records were processed under the FOIA to

achieve maximum disclosure to plaintiffs.   Furthermore, the FBI properly asserted FOIA

Exemptions b(6), b(7)(C), (b)(7)(D), and b(7)(E).   The FBI carefully examined the documents and

determined that the information withheld from plaintiffs in this case, if disclosed: would cause a

clearly unwarranted invasion of the personal privacy, or could reasonably be expected to constitute

an unwarranted invasion of personal privacy; could reveal the identities of confidential sources;

and/or would disclose techniques and procedures for law enforcement investigations.   After

extensive review of the documents at issue, I have determined that all non-exempt information that

can be reasonably segregated has been released.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct, and that Exhibits A through F attached hereto are true and correct copies.

Executed this 13th day of July, 2015.

DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Winchester, Virginia

22

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHARYL ATTKISSON                              )
                                              )
And                                           )
                                              )
JUDICIAL WATCH, INC.,                         )   Civ. A. No. 1:14-CV-01944-APM
                                              )
                    Plaintiffs,               )
                                              )
v.                                            )
                                              )
U. S. DEPARTMENT OF JUSTICE,                  )
                                              )
                    Defendant.                )

EXHIBIT A



**Judicial Watch**
*Because no one is above the law!*

<u>**VIA FACSIMILE (540) 868-4391/4997**</u>
<u>**AND CERTIFIED MAIL**</u>

September 4, 2014

Federal Bureau of Investigation
Record/Information Dissemination Section
Attn: FOIA/PA Request
170 Marcel Drive
Winchester, VA 22602-4843

**Re:    Freedom of Information Act/Privacy Act Request**

Dear FOIA/PA Officer:

Judicial Watch, Inc., on its own behalf and on behalf of Sharyl Attkisson of Leesburg, Virginia, requests that the Federal Bureau of Investigation produce the following within twenty (20) business days:

- Any and all records concerning, regarding, or relating to Sharyl Attkisson. Such records include, but are not limited to, records of background checks of Sharyl Attkisson, records of communications, contacts, or correspondence between Sharyl Attkisson and employees, officials, or agents of the Federal Bureau of Investigation, and records of investigations concerning or regarding Sharyl Attkisson as a victim;
- Any and all records of Case Number 288-HQ-C2570709; and
- Any and all records of Case Number 80-HQ-A1199962.

**A copy of Sharyl Attkisson's signed, fully executed Certification of Identity form is included herewith.**

**As part of this request, Judicial Watch asks that the Federal Bureau of Investigation search its Central Records System and its Electronic Surveillance (ELSUR) Data Management System (EDMS) for records of Sharyl Atkisson as well as all cross-references to Sharyl Attkisson.**

This request is made pursuant to the provisions of the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, and is made for educational purposes, not commercial use.

1 5 SEP 2014

FOIA/PA Request
September 4, 2014
Page 2 of 2

Judicial Watch, Inc., a not-for profit, public interest watchdog organization, and Sharyl Attkisson, an Emmy award winning investigative journalist and author, also request a waiver of both search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 5 U.S.C. § 552(a)(4)(A)(iii). In the event that a waiver of search and/or duplication costs is denied, we agree to pay up to $350.00 in search and/or duplication costs. In order to prioritize search and duplication efforts, we request that we be contacted before any such costs are incurred.

If you do not understand this request or any portion thereof, or if you feel you require clarification of this request or any portion thereof, please contact us immediately at 202-646-5162 or mbekesha@judicialwatch.org.

We look forward to receiving the requested documents and a waiver of both search and duplication costs within twenty (20) business days.

Sincerely,

Michael Bekesha
Judicial Watch, Inc.

Enclosure

**U.S Department of Justice**                    **Certification of Identity**

FORM APPROVED OMB NO. 1103-0016
EXPIRES 03/31/15

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

**Public reporting burden** for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester: **Sharyl Attkisson**

Citizenship Status: **US**          Social Security Number: ▮▮▮▮▮▮

Current Address: ▮▮▮▮▮▮

Date of Birth: ▮▮▮▮▮▮     Place of Birth: ▮▮▮▮▮▮

**OPTIONAL: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

**Michael Bekesha**
Print or Type Name

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature: *Sharyl Attkisson*     Date: **09/22/14**

FORM DOJ-361

# Judicial Watch, Inc.

425 Third St., SW
Suite 800
Washington, DC 20024

Telephone:    202-646-5172
Facsimile:    202-646-5199

## FACSIMILE TRANSMISSION

**TO:**        FBI, Record/Information Dissemination Section

**FROM:**      Michael Bekesha, Staff Attorney

**DATE:**      September 4, 2014

**RE:**        Freedom of Information Act/Privacy Act Request

**FAX NO.:**   540-868-4391/4997

**NUMBER OF PAGES** (including cover page): 4 (including cover page)



**Judicial Watch®**

*Because no one
is above the law!*

<u>VIA FACSIMILE (540) 868-4391/4997</u>
<u>AND CERTIFIED MAIL</u>

September 4, 2014

Federal Bureau of Investigation
Record/Information Dissemination Section
Attn: FOIA/PA Request
170 Marcel Drive
Winchester, VA 22602-4843

**Re:    Freedom of Information Act/Privacy Act Request**

Dear FOIA/PA Officer:

Judicial Watch, Inc., on its own behalf and on behalf of Sharyl Attkisson of Leesburg,
Virginia, requests that the Federal Bureau of Investigation produce the following within twenty
(20) business days:

- Any and all records concerning, regarding, or relating to Sharyl Attkisson.
  Such records include, but are not limited to, records of background checks
  of Sharyl Attkisson, records of communications, contacts, or
  correspondence between Sharyl Attkisson and employees, officials, or
  agents of the Federal Bureau of Investigation, and records of
  investigations concerning or regarding Sharyl Attkisson as a victim;
- Any and all records of Case Number 288-HQ-C2570709; and
- Any and all records of Case Number 80-HQ-A1199962.

**A copy of Sharyl Attkisson's signed, fully executed Certification of Identity form is
included herewith.**

**As part of this request, Judicial Watch asks that the Federal Bureau of Investigation
search its Central Records System and its Electronic Surveillance (ELSUR) Data
Management System (EDMS) for records of Sharyl Atkisson as well as all cross-references
to Sharyl Attkisson.**

This request is made pursuant to the provisions of the Freedom of Information Act, 5
U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, and is made for educational purposes, not
commercial use.

---

425 Third St., SW, Suite 800, Washington, DC 20024 • Tel: (202) 646-5172 or 1-888-593-8442
FAX: (202) 646-5199 • Email: info@JudicialWatch.org • www.JudicialWatch.org

FOIA/PA Request
September 4, 2014
Page 2 of 2

Judicial Watch, Inc., a not-for profit, public interest watchdog organization, and Sharyl Attkisson, an Emmy award winning investigative journalist and author, also request a waiver of both search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 5 U.S.C. § 552(a)(4)(A)(iii). In the event that a waiver of search and/or duplication costs is denied, we agree to pay up to $350.00 in search and/or duplication costs. In order to prioritize search and duplication efforts, we request that we be contacted before any such costs are incurred.

If you do not understand this request or any portion thereof, or if you feel you require clarification of this request or any portion thereof, please contact us immediately at 202-646-5162 or mbekesha@judicialwatch.org.

We look forward to receiving the requested documents and a waiver of both search and duplication costs within twenty (20) business days.

Sincerely,

Michael Bekesha
Judicial Watch, Inc.

Enclosure

**U.S Department of Justice**           **Certification of Identity**

FORM APPROVED OMB NO. 1103-0016
EXPIRES 01/31/15

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

**Public reporting burden** for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester:    Sharyl Attkisson

Citizenship Status:    US      Social Security Number: [redacted]

Current Address: [redacted]

Date of Birth: [redacted]      Place of Birth: [redacted]

**OPTIONAL: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

Michael Bekesha

**Print or Type Name**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature:    Sharyl Attkisson      Date: 09/22/14

¹ Name of individual who is the subject of the record(s) sought.
² Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence", pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.
³ Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
⁴ Signature of individual who is the subject of the record sought.

FORM DOJ-361





CERTIFIED MAIL

DISTRICT
MD 207
04 SEP '14
PM 7 1

7014 0150 0000 3228 7772

neopost
09/04/2014
US POSTAGE  $06 48⁰

ZIP 20024
041L10205521

Federal Bureau of Investigation
Record Information/
Dissemination Section
170 Marcel Drive
Winchester, VA 22602-4843

22602484370

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHARYL ATTKISSON                          )
                                          )
And                                       )
                                          )
JUDICIAL WATCH, INC.,                     )    Civ. A. No. 1:14-CV-01944-APM
                                          )
               Plaintiffs,                )
                                          )
v.                                        )
                                          )
U. S. DEPARTMENT OF JUSTICE,              )
                                          )
               Defendant.                 )

EXHIBIT B



**Federal Bureau of Investigation**
*Washington, D.C. 20535*

September 18, 2014

MR. MICHAEL BEKESHA
JUDICIAL WATCH
SUITE 800
425 THIRD STREET, SW
WASHINGTON, DC 20024

FOIPA Request No.: 1297576-000
Subject: ATTKISSON, SHARYL

Dear Mr. Bekesha:

This acknowledges receipt of your Freedom of Information Act (FOIA) request to the FBI.   The FOIPA number listed above has been assigned to your request.

You have requested records concerning one or more third party individuals.   Because you have requested information about a third party and the FBI recognizes an important privacy interest in that information, to help us process your request we ask that you provide one of the following: (1) an authorization and consent from the individual(s) (*i.e.*, express authorization and consent of the third party); (2) proof of death (*i.e.*, proof that your subject is deceased); or (3) a justification that the public interest in disclosure outweighs personal privacy (*i.e.*, a clear demonstration that the public interest in disclosure outweighs personal privacy interests).   In the absence of such information, the FBI can neither confirm nor deny the existence of any records responsive to your request, which, if they were to exist, would be exempt from disclosure pursuant to FOIA Exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C).

Express authorization and consent.   If you seek disclosure of any existing records on this basis, enclosed is a Certification of Identity form.   You may make additional copies of this form if you are requesting information on more than one individual.   The subject of your request should complete this form and then sign it.   Alternatively, the subject may prepare a document containing the required descriptive data and have it notarized.   The original certification of identity or notarized authorization with the descriptive information must contain a legible, original signature before FBI can conduct an accurate search of our records.

Proof of death.   If you seek disclosure of any existing records on this basis, proof of death can be a copy of a death certificate, Social Security Death Index, obituary, or another recognized reference source. Death is presumed if the birth date of the subject is more than 100 years ago.

Public Interest Disclosure.   If you seek disclosure of any existing records on this basis, you must demonstrate that the public interest in disclosure outweighs personal privacy interests.   In this regard, you must show that the public interest sought is a significant one, and that the requested information is likely to advance that interest.

Fax your request to the Work Process Unit at (540) 868-4997, or mail to 170 Marcel Drive, Winchester, VA 22602.   If we do not receive a response from you within 30 days from the date of this letter, your request will be closed.   You must include the FOIPA request number with any communication regarding this matter.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.   See 5 U.S.C. § 552(c).   As such, this response is limited to those records, if any exist, that are subject to the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html.   Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely.   The envelope and the letter should be clearly marked "Freedom of Information Appeal."   Please cite the FOIPA Request Number in any correspondence to us for proper identification of your request.

Enclosed for your information is a copy of the FBI Fact Sheet and a copy of the Explanation of Exemptions.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
 Dissemination Section
Records Management Division

Enclosure(s)



# FBI FACT SHEET

- **The primary functions of the FBI are national security and law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white collar crime, major thefts, violent crime, and applicants.

- **The FBI does not issue clearances or non-clearances for anyone other than its own personnel or persons having access to FBI facilities.** Background investigations for security clearances are conducted by many different Government agencies. Persons who received a clearance while in the military or employed with some other government agency should contact that entity. Most government agencies have websites which are accessible on the internet which have their contact information.

- **A criminal history summary check or "rap sheet" is NOT the same as an "FBI file."** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service. The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI, Criminal Justice Information Services (CJIS) Division, Record Request, 1000 Custer Hollow Road, Clarksburg, West Virginia 26306. Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person. The fingerprint submission must include the subject's name, date and place of birth. There is a required fee of $18 for this service, which must be submitted by money order or certified check made payable to the Treasury of the United States. A credit card payment option is also available. Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/background-checks/background_checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to a requesting federal, state or local agency. Names are searched in a multitude of combinations and phonetic spellings to ensure all records are located. The NNCP also searches for both "main" and "cross reference" files. A main file is an entry that carries the name corresponding to the subject of a file, while a cross reference is merely a mention of an individual contained in a file. The results from a search of this magnitude can result in several "hits" and "idents" on an individual. In each instance where UNI has identified a name variation or reference, information must be reviewed to determine if it is applicable to the individual in question.

- **The Record/Information Dissemination Section (RIDS)** searches for records and provides copies of FBI files responsive to Freedom of Information or Privacy Act (FOIPA) requests for information. RIDS provides responsive documents to requesters seeking "reasonably described information." For a FOIPA search, the subject's name, event, activity, or business is searched to determine whether there is an associated investigative file. This is called a "main file search" and differs from the **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**www.fbi.gov**

1/6/14

## EXPLANATION OF EXEMPTIONS

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual  pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service he release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

**U.S Department of Justice**          **Certification of Identity**          

FORM APPROVED OMB NO. 1103-0016
EXPIRES 10/31/13

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1] _____

Citizenship Status [2] _____  Social Security Number [3] _____

Current Address _____

Date of Birth _____  Place of Birth _____

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

**Signature [4]** _____  **Date** _____

## OPTIONAL:  Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

### Print or Type Name

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM DOJ-361

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARYL ATTKISSON | ) |
| | ) |
| And | ) |
| | ) |
| JUDICIAL WATCH, INC., | ) Civ. A. No. 1:14-CV-01944-APM |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| U. S. DEPARTMENT OF JUSTICE, | ) |
| | ) |
| Defendant. | ) |

EXHIBIT C



**Judicial Watch**

*Because no one
is above the law!*

<u>VIA FACSIMILE (540) 868-4997)</u>
<u>AND CERTIFIED MAIL</u>

September 22, 2014

Federal Bureau of Investigation
Record/Information Dissemination Section
Attn: FOIA/PA Request
170 Marcel Drive
Winchester, VA 22602-4843

Re:    **Freedom of Information Act/Privacy Act Request Number 1297576**

Dear FOIA/PA Officer:

        In response to the FBI's September 18, 2014 letter, enclosed please find a copy of Sharyl
Attkisson's signed, fully executed Certification of Identity form.

        If you do not understand this request or any portion thereof, or if you feel you require
clarification of this request or any portion thereof, please contact us immediately at 202-646-
5162 or mbekesha@judicialwatch.org.

        We look forward to receiving the requested documents and a waiver of both search and
duplication costs within twenty (20) business days.

Sincerely,

Michael Bekesha
Judicial Watch, Inc.

Enclosure

U.S Department of Justice                    **Certification of Identity**

FORM APPROVED OMB NO. 1103-00
EXPIRES 03/31/15

Privacy Act Statement. In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester: ¹     _Shayl Attkisson_

Citizenship Status ²    _US_          Social Security Number ³    [redacted]

Current Address    [redacted]

Date of Birth    [redacted]          Place of Birth    [redacted]

**OPTIONAL: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_Michael Bekisha_

Print or Type Name

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature ⁴    _Shayl Attkisson_          Date    _09/22/14_

¹ Name of individual who is the subject of the record(s) sought.
² Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence", pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.
³ Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
⁴ Signature of individual who is the subject of the record sought.

FORM DOJ-361

# Judicial Watch, Inc.

425 Third St., SW
Suite 800
Washington, DC 20024

Telephone:    202-646-5172
Facsimile:    202-646-5199

## FACSIMILE TRANSMISSION

**TO:**        FBI, Record/Information Dissemination Section

**FROM:**      Michael Bekesha, Staff Attorney

**DATE:**      September 22, 2014

**RE:**        Freedom of Information Act/Privacy Act Request

**FAX NO.:**   540-868-4997

**NUMBER OF PAGES** (including cover page): 5 (including cover page)



**VIA FACSIMILE (540) 868-4997)**
**AND CERTIFIED MAIL**

September 22, 2014

Federal Bureau of Investigation
Record/Information Dissemination Section
Attn: FOIA/PA Request
170 Marcel Drive
Winchester, VA 22602-4843

Re:   **Freedom of Information Act/Privacy Act Request Number 1297576**

Dear FOIA/PA Officer:

In response to the FBI's September 18, 2014 letter, enclosed please find a copy of Sharyl
Attkisson's signed, fully executed Certification of Identity form.

If you do not understand this request or any portion thereof, or if you feel you require
clarification of this request or any portion thereof, please contact us immediately at 202-646-
5162 or mbekesha@judicialwatch.org.

We look forward to receiving the requested documents and a waiver of both search and
duplication costs within twenty (20) business days.

Sincerely,

Michael Bekesha
Judicial Watch, Inc.

Enclosure

**U.S Department of Justice**

**Certification of Identity**

FORM APPROVED OMB NO. 1103-0016
EXPIRES 03/31/15

Privacy Act Statement. In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester: _Shauyl Attkisson_

Citizenship Status: _US_    Social Security Number: [redacted]

Current Address: [redacted]

Date of Birth: [redacted]    Place of Birth: [redacted]

**OPTIONAL: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_Michael Bekisha_

**Print or Type Name**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature: _Sharyl Attkisson_    Date: _09/22/14_

FORM DOJ-361

U.S. Department of Justice



Federal Bureau of Investigation
*Washington, D.C. 20535*

September 18, 2014

MR. MICHAEL BEKESHA
JUDICIAL WATCH
SUITE 800
425 THIRD STREET, SW
WASHINGTON, DC 20024

FOIPA Request No.: 1297576-000
Subject: ATTKISSON, SHARYL

Dear Mr. Bekesha:

This acknowledges receipt of your Freedom of Information Act (FOIA) request to the FBI.  The
FOIPA number listed above has been assigned to your request.

You have requested records concerning one or more third party individuals.  Because you have
requested information about a third party and the FBI recognizes an important privacy interest in that
information, to help us process your request we ask that you provide one of the following: (1) an authorization
and consent from the individual(s) (*i.e.*, express authorization and consent of the third party); (2) proof of death
(*i.e.*, proof that your subject is deceased); or (3) a justification that the public interest in disclosure outweighs
personal privacy (*i.e.*, a clear demonstration that the public interest in disclosure outweighs personal privacy
interests).  In the absence of such information, the FBI can neither confirm nor deny the existence of any
records responsive to your request, which, if they were to exist, would be exempt from disclosure pursuant to
FOIA Exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C).

Express authorization and consent.  If you seek disclosure of any existing records on this basis,
enclosed is a Certification of Identity form.  You may make additional copies of this form if you are requesting
information on more than one individual.  The subject of your request should complete this form and then sign
it.  Alternatively, the subject may prepare a document containing the required descriptive data and have it
notarized.  The original certification of identity or notarized authorization with the descriptive information must
contain a legible, original signature before FBI can conduct an accurate search of our records.

Proof of death.  If you seek disclosure of any existing records on this basis, proof of death can be a
copy of a death certificate, Social Security Death Index, obituary, or another recognized reference source.
Death is presumed if the birth date of the subject is more than 100 years ago.

Public Interest Disclosure.  If you seek disclosure of any existing records on this basis, you must
demonstrate that the public interest in disclosure outweighs personal privacy interests.  In this regard, you
must show that the public interest sought is a significant one, and that the requested information is likely to
advance that interest.

Fax your request to the Work Process Unit at (540) 868-4997, or mail to 170 Marcel Drive,
Winchester, VA 22602.  If we do not receive a response from you within 30 days from the date of this letter,
your request will be closed.  You must include the FOIPA request number with any communication regarding
this matter.

For your information, Congress excluded three discrete categories of law enforcement and national
security records from the requirements of the FOIA.  See 5 U.S.C. § 552(c).  As such, this response is limited
to those records, if any exist, that are subject to the FOIA.  This is a standard notification that is given to all our
requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html. Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely. The envelope and the letter should be clearly marked "Freedom of Information Appeal." Please cite the FOIPA Request Number in any correspondence to us for proper identification of your request.

Enclosed for your information is a copy of the FBI Fact Sheet and a copy of the Explanation of Exemptions.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
 Dissemination Section
Records Management Division

Enclosure(s)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARYL ATTKISSON | ) |
| | ) |
| And | ) |
| | ) |
| JUDICIAL WATCH, INC., | ) Civ. A. No. 1:14-CV-01944-APM |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| U. S. DEPARTMENT OF JUSTICE, | ) |
| | ) |
| Defendant. | ) |

EXHIBIT D



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

October 6, 2014

MR. MICHAEL BEKESHA
JUDICIAL WATCH
SUITE 800
425 THIRD STREET, SOUTHWEST
WASHINGTON, DC 20024

FOIPA Request No.: 1297576-000
Subject: ATTKISSON, SHARYL

Dear Mr. Bekesha:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the FBI.

☑  Your request has been received at FBI Headquarters for processing.

☐  Your request has been received at the [_____ Resident Agency / _____ Field Office]
and forwarded to FBI Headquarters for processing.

☑  We are searching the indices to our Central Records System for the information responsive
to this request.   We will inform you of the results in future correspondence.

☑  Your request for a fee waiver is being considered and you will be advised of the decision at
a later date.

☑  Please check for the status of your FOIPA request at www.fbi.gov/foia by clicking on **Check
the Status of Your FOIPA Request** under **Records Available Now** located on the right
side of the page.   Status updates are adjusted weekly.   The status of newly assigned
requests may not be available until the next weekly update.   If the FOIPA has been closed
the notice will indicate that appropriate correspondence has been mailed to the address on
file.

The FOIPA Request number listed above has been assigned to your request.   Please use this
number in all correspondence concerning your request.   Your patience is appreciated.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARYL ATTKISSON | ) |
| | ) |
| And | ) |
| | ) |
| JUDICIAL WATCH, INC., | ) Civ. A. No. 1:14-CV-01944-APM |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| U. S. DEPARTMENT OF JUSTICE, | ) |
| | ) |
| Defendant. | ) |

EXHIBIT E

**U.S. Department of Justice**



**Federal Bureau of Investigation**
*Washington, D.C. 20535*

December 16, 2014

MR. MICHAEL BEKESHA
JUDICIAL WATCH, INC
SUITE 800
425 THIRD STREET, SOUTHWEST
WASHINGTON, DC 20024

FOIPA Request No.: 1297576-000
Subject: ATTKISSON, SHARYL

Dear Mr. Bekesha:

Records responsive to your request were previously processed under the provisions of the Freedom of Information Act. Enclosed are 6 pages of previously-processed documents and a copy of the Explanation of Exemptions. This release is being provided to you at no charge.

Additional records potentially responsive to your subject may exist. Please submit a new FOIA request if you would like the FBI to conduct a search of the indices to our Central Records System.

Submit requests by mail or fax to – Initial Processing, 170 Marcel Drive, Winchester, VA 22602, fax number (540) 868-4997.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U. S. C. § 552(c) (2006 & Supp. IV (2010). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html. Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely. The envelope and the letter should be clearly marked "Freedom of Information Appeal." Please cite the FOIPA Request Number assigned to your request so that it may be identified easily.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

Enclosure(s)

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual  pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service he release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHARYL ATTKISSON                     )
                                     )
And                                  )
                                     )
JUDICIAL WATCH, INC.,                )   Civ. A. No. 1:14-CV-01944-APM
                                     )
                Plaintiffs,          )
                                     )
v.                                   )
                                     )
U. S. DEPARTMENT OF JUSTICE,         )
                                     )
                Defendant.           )
                                     )

EXHIBIT F



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

May 14, 2015

MR. MICHAEL BEKESHA
JUDICIAL WATCH
SUITE 800
425 THIRD STREET, SOUTHWEST
WASHINGTON, DC 20024

FOIPA Request No.: 1297576-001
Subject: ATTKISSON, SHARYL (including references
in FBI control files 288-HQ-C2570709 and
80-HQ-A1199962)

Dear Mr. Bekesha:

In response to your Freedom of Information/Privacy Acts (FOIPA) request submitted to the FBI, enclosed is an additional processed document responsive to your request.

Serial 2101 from FBI Headquarters file 80-A1199962 consisting of 1 page has been reviewed pursuant to Title 5, U.S. Code, §§ 552/552a, and this material is being released to you in its entirety with no excisions being made by the FBI.   This document is provided to you at no charge and is in addition to the 6 pages you received previously for this same subject.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.  See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010).   This response is limited to those records that are subject to the requirements of the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.   Your patience is appreciated.

You may file an appeal by writing to the Director, Office of Information Privacy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html.   Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely. The envelope and the letter should be clearly marked "Freedom of Information Appeal."   Please cite the FOIPA Request Number in any correspondence to us for proper identification of your request.

Sincerely,

David M. Hardy
Section Chief,
Record/Information Dissemination Section
Records Management Division

Enclosure