**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SHARYL ATTKISSON, *et al.*,        )
                                  )
                    Plaintiffs,   )
                                  )        Civil Action No. 14-cv-01944 (APM)
v.                                )
                                  )
U.S. DEPARTMENT OF JUSTICE,       )
                                  )
                    Defendant.    )
_____)

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR**
**CROSS-MOTION FOR SUMMARY JUDGMENT**

In its opening brief, Defendant submitted evidence that the Federal Bureau of Investigation ("FBI") conducted nothing more than a simple word search for records responsive to Plaintiffs' FOIA and Privacy Act request.   Now, Defendant asserts that notwithstanding the evidence it originally submitted, the FBI actually did conduct a comprehensive search for records responsive to Plaintiffs' request.   Defendant also submits new evidence that it conducted a sufficient search. This after-the-fact, conflicting evidence should not be accepted as true.   "[D]eference is not equivalent to acquiescence."   *Campbell v. U.S. Department of Justice*, 164 F.3d 20, 30 (D.C. Cir. 1998).

Under the law of this Circuit, Defendant is required to submit a "reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched."   *Oglesby v. U.S. Department of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).   On its second attempt, Defendant has come closer to reaching this standard but still falls short.   In their opening brief, Plaintiffs demonstrated how the FBI has failed to uncover all records responsive to Plaintiffs' request. Specifically, they showed that the FBI's search should have uncovered: (1) records related to an

FBI background check of Plaintiff Attkisson in order for her to be issued a White House "hard pass" as a member of the press in 1995; (2) records related to requests for interviews and other media inquiries of the FBI by Plaintiff Attkisson; and (3) records about the compromise of Plaintiff Attkisson's computer.   The search however did not locate any such records.   Defendant rationalizes its failure to conduct a sufficient search by stating, "the FBI will not speculate on the alleged failure to locate a record Plaintiff believes should exist."   *See* Second Declaration of David M. Hardy at ¶ 11.   This simply cannot stand.

Defendant's laissez-faire attitude "is insufficient as a matter of law to establish [the] completeness" of the search.   *Weisberg v. United States Department of Justice*, 627 F.2d 365, 370-371 (D.C. Cir. 1980).   "This is particularly so in view of the inferences, arising from the other evidence, that some [records] once existing may not have been discarded and thus remain in the files."   *Id*.   Defendant has not demonstrated that the records created during the FBI background check of Plaintiff Attkisson for a White House "hard pass" have been destroyed.   Nor has it presented any evidence that the records would be located in the system of records that the FBI searched.   Similarly, Defendant has not demonstrated that the records created to respond to media inquiries have been destroyed.   Nor has it presented any evidence that the records would be located in the system of records that the FBI searched.   In addition, Defendant has not demonstrated that the records created to investigate the compromise of Plaintiff Attkisson's computer have been destroyed.   Nor has it presented any evidence that the records would be located in the system of records that the FBI searched.   For all of these reasons and because it submitted two, conflicting declarations about the FBI's search for records responsive to Plaintiffs' FOIA request, Defendant has not demonstrated that the FBI satisfied its burden of conducting a search that can reasonably expected to produce the information requested.   *Nation Magazine v.*

*U.S. Customs Service*, 71 F.3d 885, 890 (D.C. Cir. 1995).   At a minimum, Plaintiff should have an opportunity to depose the FBI employee who conducted the search.   *Weisberg*, 627 F.2d 365 at 371.

For the reasons stated above, Plaintiffs respectfully request that Defendant's Motion for Summary Judgment be denied, that Plaintiffs' Cross-Motion for Summary Judgment be granted, and that the FBI be ordered to conduct a search that is reasonably calculated to uncover all records responsive to Plaintiffs' request.

Dated:   November 9, 2015                              Respectfully submitted,

/s/ Michael Bekesha
Michael Bekesha
D.C. Bar No. 995749
JUDICIAL WATCH, INC.
425 Third Street, S.W., Suite 800
Washington, DC   20024
(202) 646-5172

*Counsel for Plaintiffs*