## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
**Sharyl Attkisson**, *et al*.,                        )
)
      **Plaintiffs,**                        )
)
            **v.**                        )      **Civil No. 14-cv-01944 (APM)**
)
**U.S. Department of Justice,**                        )
)
      **Defendant.**                        )
_____ )

## MEMORANDUM OPINION

### I.      BACKGROUND

This matter is before the court on the parties' Cross-Motions for Summary Judgment. *See* Def.'s Mot. for Summ. J., ECF No. 26 [hereinafter Def.'s Mot]; Pls.' Opp'n to Def.'s Mot. for Summ. J. and Cross-Motion for Summ. J, ECF No. 27 [hereinafter Pls.' Opp'n].

In September 2014, Plaintiffs—Judicial Watch, Inc., and Sharyl Attkisson—submitted to the Federal Bureau of Investigation (FBI) a joint request under the Freedom of Information Act (FOIA) and the Privacy Act, seeking information and records pertaining to Attkisson. Compl., ECF No. 1, ¶ 6; Def.'s Stmt. of Facts in Support of Mot. for Summ. J., ECF No. 26 [hereinafter Def.'s Stmt.], at 4-5. Plaintiffs' request, which was subsequently narrowed, sought "any and all [FBI] records concerning, regarding or relating to Sharyl Attkisson" and records specifically pertaining to her involvement in two particular FBI investigations. Def.'s Stmt. at 5-6. On December 16, 2014, the FBI released records responsive to Plaintiffs' FOIA request—six redacted pages that the FBI previously had produced to Attkisson in response to a previous FOIA request.

*Id.* at 6.   Five months later, on May 14, 2015, the FBI released one additional responsive, unredacted, page.  *Id.*

Before the FBI had released those responsive records, on November 19, 2014, Plaintiffs filed suit in this court alleging that Defendant was unlawfully withholding records in violation of FOIA, 5 U.S.C. § 552 *et. seq.*, and the Privacy Act, 5 U.S.C. § 552a.  *See* Compl.  On August 21, 2015, Defendant filed its Motion for Summary Judgment, in which it argued that it had conducted a reasonable and adequate search for the requested records and had produced all responsive and nonexempt documents under both FOIA and the Privacy Act.  *See generally* Def.'s Mot.  On September 21, 2015, Plaintiffs filed a consolidated Opposition to Defendant's Motion for Summary Judgment and Cross-Motion for Summary Judgment, claiming that the FBI had failed to conduct a reasonable and adequate search for records because it:  (1) had failed to conduct its search using phonetic alternatives to Attkisson's name, and (2) had failed to uncover during its search responsive documents that Plaintiffs believe should be in the FBI's possession. *See generally* Pls.' Opp'n.  The parties' cross-motions are now ripe for consideration.

## II.   LEGAL STANDARD

A court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  To make this determination, the court must "view the facts and draw reasonable inferences in the light most favorable to the [non-moving] party."  *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations and internal quotations omitted).  A dispute is "genuine" only if a reasonable fact-finder could find for the nonmoving party, and a fact is "material" only if it is capable of affecting the outcome of litigation.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).  A non-

material factual dispute must not prevent the court from granting summary judgment. *See id*. at 248–50.

Most FOIA cases are appropriately decided on motions for summary judgment. *See Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C.2009). A court may award summary judgment in a FOIA case by relying on the information included in the agency's affidavits or declarations if they are "relatively detailed and non-conclusory," *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citations and internal quotations omitted), and describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith," *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).

## III.    DISCUSSION

Plaintiffs offer only one argument in response to Defendant's Motion for Summary Judgment: that Defendant's search for responsive records was inadequate.[1] Pls.' Opp'n at 3-9. Plaintiffs make two contentions to support that claim: (1) the FBI failed to use phonetic alternatives to Attkisson's name, as well as her date of birth and social security number, in its electronic records search, *id*. at 4-8; and, (2) the search failed to uncover responsive documents that Attkisson, based on her past experiences, believes should be in the FBI's possession, thus

---

[1] Plaintiffs did not respond to Defendant's arguments regarding the nondisclosure of otherwise responsive records under either FOIA or the Privacy Act, Def.'s Mot. at 11-22, and thus the court will treat those arguments as conceded. *See Wilkins v. Jackson*, 750 F. Supp. 2d 160, 162 (D.D.C. 2010) ("It is well established that if a plaintiff fails to respond to an argument raised in a motion for summary judgment, it is proper to treat that argument as conceded."); *Sykes v. Dudas*, 573 F. Supp. 2d 191, 202 (D.D.C. 2008) ("[W]hen a party responds to some but not all arguments raised on a Motion for Summary Judgment, a court may fairly view the unacknowledged arguments as conceded."). Additionally, based on Defendant's declarant's statements, *see* Def.'s Mot., Ex. 1., Decl. of David M. Hardy, ECF No. 26-1 [hereinafter Hardy Decl.], ¶ 48, which Plaintiffs have not challenged, the court finds that Defendant has complied with its obligation to disclose reasonably segregable material, *see Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1116-17 (D.C. Cir. 2007).

3

demonstrating the inadequacy of the search, *id*. at 8-9.   The court finds both arguments unpersuasive.

Plaintiffs' first argument is unsupported by the facts—which, in fairness to Plaintiffs, fully came to light only after Defendant's declarant, David Hardy, supplemented his initial declaration. In his second declaration, Hardy attested that the FBI did in fact use phonetic alternatives during the records search:   "The phonetic search of the [Central Records System "CRS"] automated indices systematically broke down common spelling variations of the names 'Sharyl' or "Attkisson,' making it unnecessary for [the FBI] personnel to predict the possible spelling variations of Plaintiff's names."   Def.'s Reply, Ex. 2, Second Decl. of David M. Hardy, ECF No 31-2 [hereinafter Second Hardy Decl.], ¶ 9.   In addition, as Hardy further explained, the FBI did not in this case need to resort to Attkisson's date of birth or social security number to conduct its search.   According to Hardy, a requestor's date of birth and social security number becomes relevant only to distinguish among the "'hits' returned from the phonetic name breakdowns to identify records that actually pertain to the requester and not another individual indexed within the vast CRS."   *Id.* ¶ 10.   Because a phonetic name search in this case only yielded a small number of records, the court finds that it was reasonable for the FBI not to rely on the requestor's date of birth and social security number to identify responsive material.

Plaintiffs' remaining argument—that Defendant's search was inadequate because it did not uncover documents Attkisson believes must exist—is similarly unconvincing.   "The adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search."   *Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003) (citing *Steinberg v. DOJ*, 23 F.3d 548, 551 (D.C. Cir. 1994)).   Simply put, Defendant has met its evidentiary burden under FOIA by presenting the affidavits of David

Hardy, *see* Hardy Decl.; Second Hardy Decl., which illustrate in "relatively detailed and non-conclusory" terms that the FBI's search was both reasonable and adequate. *SafeCard Servs., Inc.* 926 F.2d at 1200. That is all that is required under FOIA. *Id.* Hardy's affidavits are afforded "a presumption of good faith, which cannot be rebutted by purely speculative claims," *id.* (internal quotations omitted), such as Plaintiffs' contention that certain records *should exist*, Pls.' Opp'n at 8-9. Such an argument "amounts to nothing more than mere speculation . . . [and] is not enough to undermine the determination that the agency conducted an adequate search for the requested records." *Morley v. CIA*, 508 F.3d 1108, 1120 (D.C. Cir. 2007) (citations and internal quotations omitted); *see also Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 514 (D.C. Cir. 2011) (holding that, although it was "unexpected" that the agency's search turned up only a few emails, that fact alone does not render the search inadequate).

## IV.     CONCLUSION

For the foregoing reasons, the court grants Defendant's Motion for Summary Judgment and denies Plaintiffs' Motion for Summary Judgment. A separate order accompanies this Memorandum Opinion.

Dated: September 7, 2016

Amit P. Mehta
United States District Judge